UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STEVEN MCCUNE,

                              Plaintiff,

            -against-

COUNTY OF SUFFOLK, COUNTY OF SUFFOLK
POLICE DEPARTMENT, POLICE OFFICER JOHN
A.KURKLEN, in his individual and official capacity,
POLICE OFFICER MICHAEL S. TURANSKY, in his
individual and official capacity, POLICE OFFICER
CHRISTOPHER M. ZUCCARELLO, in his individual
and official capacity, POLICE OFFICER JOHN A.
VOHS, in his individual and official capacity, and
POLICE OFFICER "JOHN" AND "JANE" DOES
1-10, Shield Nos. Unknown, individually and in their
official capacities, as police officers of the COUNTY
OF SUFFOLK POLICE DEPARTMENT

                              Defendants.

**ANSWER**

**14-CV-04431**

**JURY TRIAL DEMANDED**

Defendants, County of Suffolk, Suffolk County Police Department, Suffolk County Police Officers John A. Kurklen, Michael S. Turansky, Christopher M. Zuccarello, and John A. Vohs, by their attorney, Dennis M. Brown, Suffolk County Attorney, by Arlene S. Zwilling, Assistant County Attorney, answering plaintiff's complaint respectfully:

    1.    Aver that the allegations contained in the paragraphs numbered 1, 7 and 9 of the complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, make no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

    2.    Deny, upon information and belief, the allegations contained in the paragraphs numbered 2, 3, 4, 5 and 6 of the complaint.

1

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph numbered 8 of the complaint, except admit receipt of a purported notice of claim, and refer all questions of law to the Court.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs numbered 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60 and 61 of the complaint.

## AS TO THE FIRST COUNT

5. Answering the paragraph numbered 62 of the complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

6. Deny, upon information and belief, the allegations contained in the paragraphs numbered 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79 and 80 of the complaint.

## AS TO THE SECOND COUNT

7. Answering the paragraph numbered 81 of the complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

8. Deny, upon information and belief, the allegations contained in the paragraphs numbered 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94. 95, 96, 97, 98, 99, 100 and 101 of the complaint.

## AS TO THE THIRD COUNT

9. Answering the paragraph numbered 102 of the complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

10. Deny, upon information and belief, the allegations contained in the paragraphs numbered 103, 104, 105, 106, 107, 108, 109, 110, 111 and 112 of the complaint.

## AS TO THE DEMAND FOR PUNITIVE DAMAGES

11. Deny, upon information and belief, the allegations contained in the paragraph numbered 113 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12. That the complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13. That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14. That the complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

15. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

16. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

17. That the doctrines of respondent superior and vicarious liability do not apply to a civil rights claim.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

18. That municipal defendants are not liable for punitive damage awards.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

19. That plaintiff has failed to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

20. That defendant s' actions, if any, were justified by the facts and circumstances presented.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

21 That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that the plaintiff had committed a crime and/or offense.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

22. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

23. That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

24. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

25. That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

### AS AND FOR A TWELVENTH AFFIRMATIVE DEFENSE

26. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

27. That the Suffolk County Police Department is not an entity susceptible to suit.

WHEREFORE, defendants demand judgment against the plaintiff dismissing the complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

DATED: Hauppauge, New York
       August 29, 2014

Yours etc.,
Dennis M. Brown
Suffolk County Attorney
Attorney for Defendants
County of Suffolk, County of Suffolk
Police Department, Kurklen, Turansky,
Zuccarello and Vohs
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, New York 11788

By: _____
Arlene S. Zwilling
Assistant County Attorney

TO:
Frederick K. Brewington, Esq.
Law Offices of Frederick K. Brewington
Attorney for Plaintiff
556 Peninsula Boulevard
Hempstead, New York 11550
516-489-6959