UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
STEVEN McCUNE,

                            Plaintiff,                    **Docket No.: CV-14-4431
                                                              (JS)(GRB)**

            -against-

COUNTY OF SUFFOLK, COUNTY OF SUFFOLK POLICE
DEPARTMENT, POLICE OFFICER JOHN A. KURKLEN, in
his individual and official capacity, POLICE OFFICER
MICHAEL S. TURANSKY, in his individual and official
capacity, POLICE OFFICER CHRISTOPHER M.
ZUCCARELLO, in his individual and official capacity,
POLICE OFFICER JOHN A. VOHS, in his individual and
official capacity, and POLICE OFFICER "JOHN" AND
"JANE" DOES 1-10, Shield Nos. Unknown, individually and
in their official capacities, as police officers of the COUNTY
OF SUFFOLK POLICE DEPARTMENT,

                            Defendants.
---------------------------------------------------------------------X


# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S MOTION TO AMEND THE COMPLAINT


                                        THE LAW OFFICES OF
                                         FREDERICK K. BREWINGTON
                                        *Attorneys for Plaintiff*
                                        556 Peninsula Boulevard
                                        Hempstead, New York 11550
                                        (516) 489-6959


*OF COUNSEL: FREDERICK K. BREWINGTON*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................... ii

PRELIMINARY STATEMENT .......................................... 1

PROCEDURAL HISTORY ............................................. 1

STATEMENT OF FACTS ............................................. 2

STANDARD OF REVIEW ............................................. 6

ARGUMENT ....................................................... 7

      I.     THE PROPOSED ABUSE OF PROCESS AND ASSAULT AND BATTERY STATE LAW CLAIMS WOULD NOT BE FUTILE ....... 7

      II.    THE COURT SHOULD GRANT PLAINTIFF'S MOTION TO AMEND PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 15 ..... 11

          A.    DEFENDANTS' WILL NOT BE UNDULY PREJUDICED BY AN AMENDMENT TO THE COMPLAINT BECAUSE DISCOVERY HAS NOT BEGUN. ............................... 11

          B.    THE PROPOSED AMENDMENTS RELATE BACK TO THE ORIGINAL COMPLAINT AND DEFENDANTS CANNOT CLAIM SURPRISE OR PREJUDICE. ........................... 12

    CONCLUSION ...................................................... 14

## TABLE OF AUTHORITIES

<u>CASE NAME</u>                                                    <u>PAGE NO.</u>

*Advanced Magnetics v. Bayfront Partners, Inc.*
  No. 92 Civ. 6879 (CSH), 1994 WL 324018 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Baldwin County Welcome Ctr. v. Brown*
  466 U.S. 147 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Baynes v. City of New York*
  23 A.D.2d 756 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Bennet v New York City Housing Authority*
  245 A.D.2d 254 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Block v. First Blood Assocs.*
  988 F. 2d 344 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 12

*Bridgeport Music, Inc. v. Universal Music Grp., Inc.*
  248 F.R.D. 408 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Broughton v. State of New York*
  37 N.Y.2d 451 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Burnette v. Carothers*
  192 F.3d 52 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Commer v. McEntee*
  2006 WL 3262494 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Cook v. Sheldon*
  41 F.3d 73 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Corning Inc. v. VWR Int'l, Inc.*
  2006 U.S. Dist. LEXIS 84756, *9 (W.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Crowley v. Corning, Inc.*
  2004 U.S. Dist. LEXIS 758, *11 (W.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Davis v. Lenox Hill Hosp.*
  03 Civ. 3746(DLC), 2004 WL 1926086 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*DiSorbo v. Hoy*
    Nos. 02–7586, 02–7922, 02–7956, 02–7988, 2003 WL 22037275  . . . . . . . . . . . . . . . . 9

*Freeman v. Port Auth.*
    243 A.D.2d 409  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Gause* , 2007 WL 330241 at 1.
*Gause v. Suffolk County*
    2007 WL 330241, at 1 (E.D.N.Y. January 27, 2007)  . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Holmes v. City of New Rochelle*
    190 A.D.2d 713  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Ingersoll v. LaPlante*
    No. 02–9050, 2003 WL 21949752  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Kawski v. Johnson & Johnson*
    2005 U.S. Dist. LEXIS 36963, *14-15 (W.D.N.Y. 2005)  . . . . . . . . . . . . . . . . . . . . . . 8

*Lind v. Vaneuard Offset Printers. Inc*
    857 F.Supp. 1060  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Lodges 743 and 1746, Int'l Ass'n of Machinists & Aerospace Workers, AFL–CIO  v. United
Aircraft Corp.*
    534 F.2d 422  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*McSpadden v. Caron*
    2004 U.S. Dist. LEXIS 28673, *25 (W.D.N.Y. 2004)  . . . . . . . . . . . . . . . . . . . . . . . 7

*O'Hara v. Weeks Marine. Inc.*
    294 F.3d 55  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Ouedraogo v. A–1 International Courier Service, Inc.*
    2013 WL 3466810  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Pangburn v. Culbertson*
    200 F.3d 65, 71 (2d Cir. 1999)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Rosenbere v. Martin*
    478 F.2d 520  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Savino v. City of N.Y.*
    331 F.3d 63  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Schanberger v. Kellogg*
    423 U.S. 929  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Scheuer v. Rhodes*
    416 U.S. 232  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Smith v. Kessner*
    No. 97 Civ. 4894, 1998 WL 839769 (S.D.N.Y. Dec. 2, 1998)  . . . . . . . . . . . . . . . . . . . . 7

*State v. Teachers Retirement Bd. v. Fluor Corp.*
    654 F.2d 843  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Stratton v. City of Albany*
    204 A.D.2d 924  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Tucci v. County of Nassau*
    50 A.D.2d 945  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*U.S. v. The Baylor University Medical Center*
    2006 WL 3317695  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Cont'l Illinois Nat'l Bank & Trust Co. of Chicago*
    889 F.2d 1248  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*VanZandt v. Fish & Wildlife Serv.*
    524 F.Supp.2d 239  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Weiss v. Hunna*
    312 F.2d 711  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Wilson v. Fairchild Republic Co.*
    143 F.3d 733  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## <u>STATUTES</u>

42 U.S.C. § 1983  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *PASSIM*

*Fed. R. Civ. P. 15*  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *PASSIM*

## PRELIMINARY STATEMENT

Plaintiff, Steven McCune, by and through his attorneys, THE LAW OFFICES OF FREDERICK K. BREWINGTON, makes this instant motion for leave to amend the Complaint, pursuant to the Federal Rules of Civil Procedure, Rule 15(a) and (c). Specifically, Plaintiff seeks to amend some of the previously alleged facts to reflect the changes which have occurred in Plaintiff's criminal case. Further, Plaintiff seeks to remove the claims of 42 U.S.C. §1983 False Arrest, False Imprisonment, Malicious Prosecution, and Malicious Prosecution under State Law. Plaintiff intends to keep the remaining claims of 42 U.S.C. § 1983 Abuse of Process and Excessive Force, and Municipal Liability. Lastly, Plaintiff seeks to add the causes of action of Abuse of Process under State Law, and Assault and Battery under State Law. (**See Exhibit A**, Proposed Amended Complaint).

## PROCEDURAL HISTORY

On December 9, 2014 Plaintiff entered into a plea agreement with the Suffolk County District Attorney. Plaintiff agreed to plea guilty to the charges of Criminal Possession of a Controlled Substance in the Seventh Degree and Resisting Arrest. As a result of the underlying disposition, Plaintiff's Attorneys and Defendants' Attorney exchanged emails from on or around January 22, 2019 to March 20, 2019 regarding amending the Complaint via stipulation.

Plaintiff Proposed in a letter to Arlene Zwilling, Esq. dated February 15, 2019 that Plaintiff intends to withdraw the claims of 42 U.S.C. §1983 False Arrest, False Imprisonment, Malicious Prosecution, and Malicious Prosecution under State Law, and intends to include the remaining claims of Abuse of Process, Excessive Force, and Municipal Liability.

Defendants refused to stipulate to Plaintiff's amendments as the Abuse of Process claim was still remaining. The parties then traded more emails and Defense Counsel ultimately denied

Plaintiff's request to stipulate.

On May 9, 2019 Honorable Magistrate Judge Gary R. Brown ordered a written Status Report due by May 23, 2019. In accordance with Judge Brown's Order, Plaintiff sent a Status Report letter to the Court on May 17, 2019 in which Plaintiff requested permission to file a motion requesting leave to amend the Complaint.

In an Order dated June 27, 2019 Judge Brown directed Plaintiff to file his motion to amend the complaint on or before July 19, 2019. In following Judge Brown's Order, Plaintiff now seeks leave to amend the Complaint.

## STATEMENT OF FACTS

At approximately 6:25 P.M. on April 3, 2012, STEVEN McCUNE was driving home from work when he decided to pull over, remove his work boots and rest. Plaintiff was fatigued from a long day's work and pulled into a parking lot, at or around 370 Motor Parkway, Hauppauge, New York, 11788.

Plaintiff was not engaged in any unlawful activity prior to him stopping and had broken no laws. Plaintiff was operating his vehicle in a reasonable manner under the circumstances. Plaintiff was awoken from his nap by an unidentified individual banging on his car window and ordering him to "open the door." Plaintiff initially attempted to ignore the strange request but the banging continued.

Plaintiff was able to look through the glass and discern that this individual was a police officer from the County of Suffolk Police Department, Plaintiff promptly obliged and opened the door. Upon information and belief, Police Officer Christopher M. Zuccarello (hereinafter "P.O. ZUCCARELLO") immediately displayed a "telescopic rod," "ASP" or baton and stated, "step out

-2-

of the car and let's discuss this like men." (**See Exhibit B**, 50-h Transcript, p. 23:5-13, [8/22/12])

Plaintiff was bewildered and asked why he was exiting the vehicle and P.O. ZUCCARELLO barked, "Step out of the fuckin' car" in response. Once Plaintiff witnessed P.O. ZUCCARELLO's threat of violence and volatile aggression he was petrified and refused to exit the vehicle for fear of his safety. Upon information and belief, POLICE OFFICER JOHN A. KURKLEN (hereinafter "P.O. KURKLEN"), then opened the door on the passenger side of Plaintiff's vehicle, displayed his baton and began searching the vehicle. (**Exhibit B**, 50-h Transcript, p. 25:21 to 26:8),

Cornered and scared, Plaintiff attempted to de-escalate the situation and inquired, "What did I do? What is the problem?" Upon information and belief, P.O. KURKLEN, responded by telling P.O. ZUCCARELLO, "Just fuckin' tase him." With the impending threat of being struck with an electroshock weapon (hereinafter "Taser") looming, Plaintiff asked P.O. KURKLEN and P.O. ZUCCARELLO to "relax for a minute" and volunteered to exit the vehicle. Plaintiff, barefoot and shaking, cautiously reached to grab his work boots on the floor of the passenger side of his vehicle, with one hand remaining on the steering wheel. (**Exhibit B**, 50-h Transcript, p. 26:20 to 27:20).

P.O. ZUCCARELLO proceeded to discharge barbs from the Taser weapon into Plaintiff's left shoulder. Plaintiff struggled to breathe and became dazed and disoriented. A second County of Suffolk Police Department car pulled onto the scene as P.O. ZUCCARELLO leaned into the vehicle to place the Taser against Plaintiff's body, without reason, and employ an excruciating "drive stun" shock while Plaintiff lay helpless. (**Exhibit B**, 50-h Transcript, p. 30:3-12).

Next, P.O. ZUCCARELLO slapped a handcuff onto Plaintiff's left wrist and manhandled Plaintiff out of his vehicle by his handcuffed wrist. At this time and throughout the interaction, Plaintiff was compliant and did not resist the Defendants.

-3-

Plaintiff was caused to be knocked unconscious by P.O. ZUCCARELLO who heaved Plaintiff him from his vehicle and caused Plaintiff to suffer a laceration to his head after it was slammed into the parking lot pavement. (**Exhibit B**, 50-h Transcript, p. 32:21 to 33:24; **See Exhibit C**, Photographs of Plaintiff's Injuries, Bate Stamp # McCune 0059-0060).

Upon information and belief, Defendants P.O. ZUCCARELLO and P.O. KURKLEN handcuffed both of Plaintiff's wrists behind his back and repeatedly yanked him by the handcuffs, causing severe lacerations on both wrists. (**Exhibit C**, Photographs of Plaintiff's Injuries, Bate Stamp # McCune 0056-0057).

While Plaintiff was handcuffed, Defendants P.O. ZUCCARELLO, P.O. KURKLEN, POLICE OFFICER MICHAEL S. TURANSKY (hereinafter "P.O. TURANSKY"), POLICE OFFICER JOHN VOHS (hereinafter "P.O. VOHS") and POLICE OFFICER "JOHN" AND "JANE" DOES 1-10 also punched, kicked and stomped Plaintiff about the face, groin, neck, torso and head. (**Exhibit C**, Photographs of Plaintiff's Injuries, Bate Stamp # McCune 0054-0061).

When Plaintiff came to, blood was running down his face and he was lying on his stomach, handcuffed, as POLICE OFFICER "JOHN DOE" 1 ground Plaintiff's face into the parking lot pavement with his boot. (**Exhibit B**, 50-h Transcript, p. 32:21 to 34:24).

Defendant Officers from the COUNTY OF SUFFOLK POLICE DEPARTMENT repeatedly taunted Plaintiff by stating, "Fuck you, you're in our house now." Upon information and belief, P.O. ZUCCARELLO, P.O. KURKLEN, P.O. TURANSKY, P.O. VOHS, and POLICE OFFICER "JOHN" AND "JANE" DOES 1-10 began discussing how they would transport the battered Plaintiff. (**Exhibit B**, 50-h Transcript, p. 35:7-13).

-4-

Upon information and belief, the Defendant Officers stated, "What are we going to do? What are we going to do with him? We can't take him like this. Call a fuckin' ambulance." Plaintiff protested against this barbaric physical and psychological treatment and asked, "What is going on? What did I do?" Plaintiff's attempts to converse with Defendants were rebuffed as he was punched several times in the ribs and suffered another Taser attack in "drive stun" to his groin area as he laid on the ground, face-down and handcuffed for simply speaking. (**Exhibit B**, 50-h Transcript, p. 40:15 to 43:18).

POLICE OFFICER "JOHN DOE" 1 told Plaintiff to "shut the fuck up"and lifted his foot off of Plaintiff's head to place a white bag over Plaintiff's face before slamming it into the ground. Throughout the transport to the hospital, Defendant Officers kneed Plaintiff in his face when he asked for a drink of water, and where he was being transported to. Plaintiff had difficulty breathing in the ambulance due to the white bag over his face and discomfort from blood which was running into his eyes. (**Exhibit B**, 50-h Transcript, p. 48:11-23).

Plaintiff was hospitalized for six (6) days after the brutal attack by P.O. ZUCCARELLO, P.O. KURKLEN, P.O. TURANSKY, P.O. VOHS, and POLICE OFFICER "JOHN" AND "JANE" DOES 1-10. Collectively, Defendants subjected Plaintiff to immediate unwarranted, cruel and unusual punishment, which amounted to excessive and unreasonable force.

In an effort to shield themselves from liability for the violations inflicted upon Plaintiff at the scene of the arrest, including their excessive force, P.O. ZUCCARELLO, P.O. KURKLEN, P.O. TURANSKY and P.O. VOHS falsely charged Plaintiff with the felony offense of Assault in the Second Degree with Intent to Cause Physical Injury to a Police Officer, pursuant to New York State Penal Law §120.05 (3).

-5-

P.O. ZUCCARELLO, P.O. KURKLEN, P.O. TURANSKY and P.O. VOHS made false statements about Plaintiff's actions, conspired to violate Plaintiff's rights and manufactured facts and evidence to charge and prosecute Plaintiff in violation of his rights under Section 1983.

Clearly, given the information known to the Defendants at the time that the arrest was made (i.e.: Plaintiff was subjected to a ruthless bludgeoning at the hands of Defendants and caused to be knocked unconscious while complying with Defendants' orders), Defendants' arrest of Plaintiff for the PL §120.05 (3) charge was malicious, wrongful, knowingly false, unreasonable and in bad faith. His seizure was clearly unreasonable. At all times, Defendants knew, or should have known, that their actions against Plaintiff were wrongful, malicious, and in violation of Plaintiff's various civil rights.

## STANDARD OF REVIEW

The Second Circuit has held that the court may allow for leave to amend a Complaint in the "absence of a showing by the non-movant of prejudice or bad faith." *Block v. First Blood Assocs.*, 988 F. 2d 344, 350 (2d Cir. 1993). In addition to this the "longer period of an unexplained delay, the less will be required of the nonmoving party in terms of showing prejudice." Id. [internal citation omitted]. However, "delay alone is seldom reason to deny a motion to amend," *State v. Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981) and "it is up to the sound discretion of the court whether or not to grant leave to amend." *Gause v. Suffolk County*, 2007 WL 330241, at 1 (E.D.N.Y. January 27, 2007) [internal quotation omitted].

In order to determine whether a party's interest will be unduly prejudiced by allowing for an amendment, courts consider whether the assertion of the new claim would: (i) require for the nonmoving party to expend additional resources to conduct discovery and prepare for trial; (ii)

-6-

significantly delay the time it takes to resolve a dispute; or (iii) prevent the plaintiff from brining a

timely action in another jurisdiction. *Gause*, 2007 WL 330241 at 1.

## ARGUMENT

**I.     THE PROPOSED ABUSE OF PROCESS AND ASSAULT AND BATTERY STATE
LAW CLAIMS WOULD NOT BE FUTILE**

The Second Circuit has held that district courts should not grant leave to amend under Rule

15(a) if the proposed amendment would be futile." *Advanced Magnetics v. Bayfront Partners, Inc.*,

No. 92 Civ. 6879 (CSH), 1994 WL 324018, at *2, (S.D.N.Y. 1994) (plaintiff's motion to amend the

complaint to add new plaintiffs was denied because "the amendment would be an exercise of

futility"); see also *Smith v. Kessner*, No. 97 Civ. 4894, 1998 WL 839769 (S.D.N.Y. Dec. 2, 1998)

("[a]n amendment is considered futile if the amended pleading fails to state a claim or would be

subject to a motion to dismiss on some other basis.") (internal citations omitted). In order to

determine whether an amendment is futile, the standard is whether the proposed amendment would

withstand a motion to dismiss. *Advanced Magnetics*, 1994 WL 324018, at *2, (plaintiff's motion to

amend the complaint was denied because complaint would not survive a motion to dismiss); *see also*

*Smith v. Kessner*, 1998 WL 839769 (S.D.N.Y. Dec. 2, 1998).

A proposed amendment to a pleading is only considered futile if it could not withstand a

motion to dismiss pursuant to Rule 12(b)(6). *McSpadden v. Caron*, 2004 U.S. Dist. LEXIS 28673,

*25 (W.D.N.Y. 2004). *See also, Corning Inc. v. VWR Int'l, Inc.*, 2006 U.S. Dist. LEXIS 84756, *9

(W.D.N.Y. 2006) ("Determinations of futility are made under the same standards that govern Rule

12(b)(6) motions to dismiss"). To this end, a party opposing an amendment must demonstrate that

the moving party "can prove no set of facts in support of his amended claims." *Corning Inc.*, 2006

U.S. Dist. LEXIS 84756 at*8-9 (citing *Pangburn v. Culbertson*, 200 F.3d 65, 71 (2d Cir. 1999)). In

*Crowley v. Corning, Inc.*, 2004 U.S. Dist. LEXIS 758, *11 (W.D.N.Y. 2004) (citing *Scheuer v.*

*Rhodes*, 416 U.S. 232, 236 (1974)), the court observed that it was required to view the complaint in

the light most favorable to the plaintiff and that its role was "not to weigh the evidence that will be

introduced to support the claims, but rather...to assess whether the plaintiff is entitled to offer

evidence in support of his claims."

Under F.R.C.P. 12(b)(6), it is well-settled that a district court must accept the allegations

contained in the complaint as true and draw all reasonable inferences in favor of the party who

asserted the allegations. *Kawski v. Johnson & Johnson*, 2005 U.S. Dist. LEXIS 36963, *14-15

(W.D.N.Y. 2005), aff'd, 2009 U.S. Dist. LEXIS 19573 (2d Cir. 2009) (citing *Burnette v. Carothers*,

192 F.3d 52, 56 (1999), cert. denied, 531 U.S. 1052 (2000)). "The Court 'may dismiss the complaint

only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief'". *Kawski*, 2005 U.S. Dist. LEXIS 36963 at *15.

Here, Plaintiff's proposed addition of the Abuse of Process and Assault and Battery State

Law claims would not be futile as a matter law, nor futile on the facts. In regards to the Abuse of

Process claim, a claim of Abuse of Process is not vitiated on the mere basis that there is a

presumption of probable cause created by Plaintiff's guilty plea .

Although it is clear and undisputed that New York Courts have consistently found that a plea

of guilty of a crime which requires a finding of probable cause, bars plaintiffs from alleging claims

of Malicious Prosecution, False Arrest, and False Imprisonment, such analysis and logic do not

extend to claims of Abuse of Process.

-8-

The analysis and logic of deeming a plaintiff's guilty plea as barring a plaintiff from alleging Malicious Prosecution, False Arrest, and False Imprisonment is straightforward. Pleading guilty to a criminal charge is the equivalent of finding all the elements of that charge as being met as if it were proven by trial. Therefore, if an element of the criminal charge is also a *necessary* element of a claim in a civil action, then a finding of probable cause, via a guilty plea, obviates claims for Malicious Prosecution, False Arrest, False Imprisonment, because a *necessary* element of those claims to be viable *is* probable cause.

See *Bennet v New York City Housing Authority,* 245 A.D.2d 254, where the plaintiff was charged with disorderly conduct, and thereafter pleaded guilty to disorderly conduct in satisfaction of those charges. The plaintiff's conviction conclusively established probable cause for his arrest, thus negating an essential element of his cause of action sounding in malicious prosecution, and establishing the respondent's affirmative defense to the causes of action sounding in false arrest and false imprisonment. See *Broughton v. State of New York*, 37 N.Y.2d 451, 373 N.Y.S.2d 87, 335 N.E.2d 310, cert. denied sub nom. *Schanberger v. Kellogg*, 423 U.S. 929, 96 S.Ct. 277, 46 L.Ed.2d 257; *Holmes v. City of New Rochelle*, 190 A.D.2d 713, 593 N.Y.S.2d 320; *Tucci v. County of Nassau*, 50 A.D.2d 945, 377 N.Y.S.2d 588.

However, such an analysis in the aforementioned cases fails to extend to Abuse of Process, as Mr. McCune plead guilty to resisting arrest, while probable cause is not at all a necessary element for a claim of Abuse of Process to be viable. The absence of probable cause is not required for an abuse of process claim to proceed. See *DiSorbo v. Hoy*, Nos. 02–7586, 02–7922, 02–7956, 02–7988, 2003 WL 22037275, at *2 (2d Cir. Aug. 29, 2003) ("While the absence of probable cause is an essential element of a false arrest claim, liability for abuse of process does not require a showing of

-9-

a lack of probable cause.") (citations omitted); see also *Ingersoll v. LaPlante*, No. 02–9050, 2003 WL 21949752, at *2 (2d Cir.2003) (noting that probable cause is a complete defense to false arrest, false imprisonment, and malicious prosecution claims, but then separately analyzing the abuse of process claim).

The Second Circuit has stated that "[a]buse of process, however, does not depend upon whether or not the action was brought without probable cause or upon the outcome of the litigation." *Lodges 743 and 1746, Int'l Ass'n of Machinists & Aerospace Workers, AFL–CIO v. United Aircraft Corp.*, 534 F.2d 422, 465 n. 85 (2d Cir.1975). In fact, the Second Circuit has explained that the non-dispositive nature of the probable cause inquiry is one of the characteristics of an abuse of process claim that distinguishes it from a malicious prosecution claim. See *Weiss v. Hunna*, 312 F.2d 711, 717 (2d Cir.1963) ("[T]he gist of the tort' of abuse of process, [as] distinguished from malicious prosecution, 'is not commencing an action or causing process to issue without justification, but misusing or misapplying process justified in itself for an end other than that which it was designed to accomplish. The purpose for which the process is used, once it is issued, is the only thing of importance.") (emphasis added) (quoting Prosser, Torts, at 667–68 (2d ed. 1955)).

Consistent with the analysis in *United Aircraft Corp.* and *Weiss,* the Second Circuit has never included a lack of probable cause as an element of a malicious abuse of process claim; rather, a plaintiff may assert a malicious abuse of process claim where a defendant: "(1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Savino v. City of N.Y.*, 331 F.3d 63, 76 (2d Cir.2003) (quoting *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir.1994)).

-10-

If a plaintiff can demonstrate the elements of abuse of process—including intent to harm and a collateral objective - without relying on any inference from a lack of probable cause, then such a claim can survive even with probable cause. See *VanZandt v. Fish & Wildlife Serv.*, 524 F.Supp.2d 239, 247 (W.D.N.Y.2007) ("[P]rocess properly issued on probabl[e] cause can nonetheless be abused.").

Furthermore, the presumption of probable cause for Plaintiff's arrest does not bar causes of action sounding in assault and battery based on the use of excessive force. See *Freeman v. Port Auth.*, 243 A.D.2d 409, 663 N.Y.S.2d 557; *Stratton v. City of Albany*, 204 A.D.2d 924, 612 N.Y.S.2d 286; *Baynes v. City of New York*, 23 A.D.2d 756, 258 N.Y.S.2d 473.

Thus, as probable cause is not a necessary element of Mr. McCune's Abuse of Process claim, Mr. McCune's plea of guilty for the charges of possession of a controlled substance in the seventh (7th) degree and resisting arrest does not bar his claim that the Defendants abused the process of law and justice. Furthermore, nor does the presumption of probable cause bar Plaintiff from alleging assault and battery upon the already laid facts of Plaintiff's Excessive Force claim in Plaintiff's original Complaint.

## II.   THE COURT SHOULD GRANT PLAINTIFF'S MOTION TO AMEND PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 15

### A.   <u>Defendants' Will Not Be Unduly Prejudiced by an Amendment to the Complaint Because Discovery Has Not Begun</u>

An amendment may be prejudicial if it would (1) require the defendant to expend "significant additional resources" to conduct discovery, or would (2) "significantly delay" the resolution of the dispute. *Block*, 988 F.2d 344, at 350.  In fact, "[t]he adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *United States*

-11-

*v. Cont'l Illinois Nat'l Bank & Trust Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir.1989); *see also Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 414–15 (S.D.N.Y.2008) (granting leave despite defendant's need to reopen some depositions). In the instant case, Defendants do not even have to go as far as reopening depositions or having to conduct additional discovery, for one simple reason - discovery has barely begun.

Essentially, discovery has not taken place at this juncture. With the exception of Plaintiff's Initial Disclosures that Plaintiff sent to Defendants on or about September of 2014 and Plaintiff's 50-h hearing, no other discovery has taken place. No depositions have taken place, no request for documents have been made by either party, and interrogatories have not been asked of either party as of yet. In fact, a discovery schedule order has not been issued by the Court at this juncture.

A court is more likely to find an amendment prejudicial if discovery has closed. *Davis v. Lenox Hill Hosp.*, 03 Civ. 3746(DLC), 2004 WL 1926086, at 4 (S.D.N.Y. Aug. 31, 2004) (finding amendment to add seven named plaintiffs prejudicial when proposed five days after the close of class discovery); cf. *Ouedraogo v. A–1 International Courier Service, Inc.,* 2013 WL 3466810, at 5 (finding amendment adding new named plaintiff did not prejudice defendant in "the early stages of litigation" and where "all discovery deadlines had been extended"). The Defendants will not have to expend any additional resources for discovery as the early stages of discovery have barely begun, it would be a far cry for Defendants to claim prejudice in this regard or any. Lastly, for the same reasons set above, there will be no delay to the resolution of this dispute whatsoever as no additional discovery will be necessary as a result of the amendments.

B.     <u>The Proposed Amendments Relate Back to the Original Complaint and Defendants Cannot Claim Surprise or Prejudice</u>

Each of the two new claims asserted are derived from the same set of operative facts as set forth in the initial complaint filed by Plaintiff. Therefore, notice was already provided to Defendants regarding each of the new causes of action in Plaintiff's proposed Amended Complaint.

1.     *The Proposed Amendments Relate Back to the Original Complaint and Defendants Cannot Claim Surprise or Prejudice.*

According to Fed.R.Civ.P. 15(c)(1) and (2):

An amendment of a pleading relates back to the date of the original pleading when:

(1)     relationship back is permitted by the law that provides the statute of limitations applicable to the action, or

(2)     the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted in the original pleading,

Fed.R.Civ.P.15(c).

The Second Circuit clearly maintains "that amendments that do no more than restate the original claim with greater particularity or amplify the details of the transaction alleged in the preceding pleading fall within Rule 15(c)." *U.S. v. The Baylor University Medical Center,* 2006 WL 3317695, * 1 (2d Cir. 2006) (citing 6A Charles Alan Wright, et al., Federal Practice and Procedure § 1497 (2d ed. 2006)). The pertinent inquiry is "whether the original complaint gave the defendant fair notice of the newly alleged claims." *Wilson v. Fairchild Republic Co.*, 143 F.3d 733, 738 (2d Cir. 1998) overruled on other grounds. Under Rule 15(c), the central issue is "whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." *The Baylor University Medical Center*, 2006 WL 3317695 at *1 (quoting *Rosenbere v. Martin*, 478 F.2d 520, 526 (2d

-13-

Cir.1973). The rationale of Rule 15(c) is that "a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 159 n. 3 (1984).

With respect to FRCP Rule 15(c)(2), as Plaintiff is not attempting to assert any novel and unknown facts to Defendants and is merely re-asserting prior allegations that were known to Defendants from the outset, now this time those allegations are tied to specific causes of action, Defendants cannot assert that the "conducts, transactions, or occurrences" in the proposed Amended Complaint did not arise out of the same exact conduct asserted in the original pleadings. Fed.R.Civ.P.15(c). Where the amended complaint does "not allege a new claim but renders prior allegations more definite and precise, relation back occurs." *Commer v. McEntee.* 2006 WL 3262494, * 1(S.D.N.Y. 2006) (citing *O'Hara v. Weeks Marine. Inc.,* 294 F.3d 55, 68 (2d Cir. 2002); *Lind v. Vaneuard Offset Printers. Inc*, 857 F.Supp. 1060, 1068 (S.D.N.Y.1994). Furthermore, the proposed Abuse of Process State Law claim is entirely based upon the same exact conduct asserted in Plaintiff's claim of 42 U.S.C. 1983 Abuse of Process which was alleged in the original Complaint. Thus, relation back occurs for the new Abuse of Process Claim as Defendants were on notice of it. Moreover, Plaintiff's proposed Assault and Battery claim is based entirely on the conduct and occurrences which constituted Plaintiff's 42 U.S.C. 1983 Excessive Force claim in Plaintiff's original Complaint, as such Defendants were on notice of possible litigation stemming from Assault and Battery. Therefore, any anticipated arguments by Defendants related to same must fail.

## CONCLUSION

Based upon the forgoing, Plaintiff Steven McCune, respectfully requests that the instant

motion be granted in its entirety thereby granting Plaintiff leave to amend the Complaint.

Date:   Hempstead, New York
        July 19, 2019

LAWS OFFICES OF
FREDERICK K. BREWINGTON

By:

FREDERICK K. BREWINGTON
*Attorneys for Plaintiff*
556 Peninsula Boulevard
Hempstead, New York 11550
(516) 489-6959

-15-