# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

STEVEN McCUNE,

                    *Plaintiff*

-against-

COUNTY OF SUFFOLK, COUNTY OF SUFFOLK
POLICE DEPARTMENT, POLICE OFFICER JOHN
A. KURKLEN, in his individual and official capacity,
POLICE OFFICER MICHAEL S. TURANSKY, in his
individual and official capacity, POLICE OFFICER
CHRISTOPHER M. ZUCCARELLO, in his individual
and official capacity, POLICE OFFICER JOHN A.
VOHS, in his individual and official capacity, and
POLICE OFFICER "JOHN" AND "JANE" DOES
1-10, Shield Nos. Unknown, individually and in
their official capacities, as police officers of the
COUNTY OF SUFFOLK POLICE DEPARTMENT
                    *Defendants*.
------------------------------------------------------------------X

**Docket No.: CV-14-4431
(JS)(GRB)**

**AMENDED
COMPLAINT**

***A JURY TRIAL IS DEMANDED***

      **PLAINTIFF, STEVEN McCUNE,** by and through his attorneys, The Law Offices of

Frederick K. Brewington, as and for his *Amended Complaint*, states and alleges the following claims

against the above-named Defendants as follows:

## PRELIMINARY STATEMENT

      1.     Prior hereto, Plaintiff filed a *Complaint* on July 18, 2014.  This is an amendment of

that *Complaint* which is done by request for leave to amend the complaint, and by this Court's

permission file such a request, entered June 27, 2019, by the Honorable Judge Gary R. Brown.

      2.     This is a civil action seeking punitive and monetary relief for Plaintiff's false arrest,

pain, suffering, humiliation, embarrassment, anguish, inconvenience, discomfort, psychological

injury, past and ongoing economical losses including, attorney's fees plus other special damages and

additional costs as a direct result of Defendants' excessive force, cruel, unusual, inhumane and

unjustified treatment of Plaintiff STEVEN McCUNE (hereinafter "PLAINTIFF" or "Mr. McCUNE") without reasonable justification.

3.      Defendants COUNTY, COUNTY OF SUFFOLK POLICE DEPARTMENT, POLICE OFFICER JOHN A. KURKLEN, POLICE OFFICER CHRISTOPHER M. ZUCCARELLO, POLICE OFFICER MICHAEL S. TURANSKY, POLICE OFFICER JOHN VOHS and POLICE OFFICER JOHN AND JANE DOES 1-10 (hereinafter "Defendants") deprived Plaintiff of his civil rights in violation of 42 U.S.C. §1983 pursuant to the Fourth, and Fourteenth Amendment of the United Stated Constitution , and State Law claims.

4.      Specifically, the Plaintiff alleges that the Defendants (collectively and individually) negligently, wantonly, recklessly, intentionally, and knowingly sought to and did wrongfully deprive Plaintiff of his Constitutional rights, pursuant to the above mentioned statutes and causes of action by committing acts under color of law and depriving the Plaintiff of rights secured by the United States Constitution and laws of the State of New York.

5.      Furthermore, Defendants subjected Plaintiff to unreasonable and excessive force during the course of their arrest of Plaintiff.

6.      Defendants, intentionally, wantonly, recklessly, carelessly, knowingly, and purposefully, acting individually, and in concert with each other, sought to cover up the excessive force used against Plaintiff by seeking to prosecute Plaintiff criminally to cover us their assault and use of excessive force on Plaintiff, an abuse of process, in violation of Plaintiff's Fourth Amendment rights . Further, Defendants sought to dehumanize Plaintiff by assaulting Plaintiff without legal justification, committing battery against Plaintiff without legal justification and inflicting emotional distress - all in violation of his constitutional and civil rights.

2

## JURISDICTION AND VENUE

7.      This action is brought pursuant to 42 U.S.C. §1983 and the Fourth, and Fourteenth

Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and

1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the

pendent jurisdiction of this Court, pursuant to 28 U.S.C. §1367, to hear and decide any and all claims

arising under state law.

8.      Prior hereto and within the proper time allotted by statute, Plaintiff filed a Notice of

Claim in compliance with General Municipal Law § 50 et seq. and CPLR 215, as against each

municipal defendant, on June 20, 2012. Defendant COUNTY OF SUFFOLK exercised its right to

conduct a hearing pursuant to General Municipal Law § 50-h on August 22, 2012. More than 30 days

have elapsed and Defendants have failed and refused to pay or adjust same.

9.      Venue is appropriate in the Eastern District of New York under 28 U.S.C. §1391, as

Defendant COUNTY OF SUFFOLK and Plaintiff are located in Suffolk County. Upon information

and belief, the other Defendants also reside in the Eastern District of New York and the situs of the

incident giving rise to these claims occurred in the Eastern District of New York.

## PARTIES

10.     Plaintiff STEVEN McCUNE is a 45 year-old Caucasian Male, who currently resides

in Commack, New York, County of Suffolk.

11.     Defendant COUNTY OF SUFFOLK (hereinafter "COUNTY") is a duly constituted

municipal corporation of the State of New York.

12.     Upon information and belief, COUNTY formed and has direct authority over several

different departments including COUNTY OF SUFFOLK POLICE DEPARTMENT (hereinafter

3

"SCPD"). The aforementioned department and/or the employees, agents or representatives of said department are directly involved in violations that are at issue in this Complaint.

13.     Upon information and belief, POLICE OFFICER JOHN A. KURKLEN (hereinafter "KURKLEN") is a police officer, agent, and/or is otherwise employed by COUNTY under the direction of the SCPD and was acting in furtherance of the scope of his employment and acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and COUNTY. Defendant KURKLEN is being sued herein in his individual and official capacities.

14.     Upon information and belief, POLICE OFFICER CHRISTOPHER M. ZUCCARELLO (hereinafter "ZUCCARELLO") is a police officer, agent, and/or is otherwise employed by COUNTY under the direction of the SCPD and was acting in furtherance of the scope of his employment and acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and COUNTY. Defendant ZUCCARELLO is being sued herein in his individual and official capacities.

15.     Upon information and belief, POLICE OFFICER MICHAEL S. TURANSKY (hereinafter "TURANSKY") is a police officer, agent, and/or is otherwise employed by COUNTY under the direction of the SCPD and was acting in furtherance of the scope of his employment and acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and COUNTY. Defendant TURANSKY is being sued herein in his individual and official capacities.

16.     Upon information and belief, POLICE OFFICER JOHN VOHS (hereinafter "VOHS") is a police officer, agent, and/or is otherwise employed by COUNTY under the direction of the SCPD and was acting in furtherance of the scope of his employment and acting under color

4

of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and COUNTY. Defendant VOHS is being sued herein in his individual and official capacities.

17.      Upon information and belief, POLICE OFFICER JOHN AND JANE DOES 1-10 (hereinafter "JOHN/JANE DOES 1-10"), whose names are not known to Plaintiff as of the date of filing this Complaint, were and/or are police officers employed by Defendant COUNTY within the SCPD. Defendants JOHN/JANE 1-10 are each being sued herein in their individual and official capacities.

18.      During all times mentioned in this Complaint, Defendants were acting under color of law, to wit, under color of the Constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or COUNTY.

19.      During all times mentioned in this Complaint, Defendants and each of them, separately and in concert, engaged in acts and omissions which constituted deprivation of the constitutional rights, privileges and immunities of the plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law, and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

## **FACTUAL ALLEGATIONS**

20.      At approximately 6:25 p.m. on April 3, 2012, STEVEN McCUNE was driving home from work when he decided to pull over, remove his work boots and rest. Plaintiff was fatigued from a long day's work and pulled into a parking lot, at or around 370 Motor Parkway, Hauppauge, New York, 11788.

5

21.     Plaintiff was not engaged in any unlawful activity prior to him stopping and had broken no laws. Plaintiff operated his vehicle in a reasonable manner under the circumstances, and was parked in the parking lot.

22.     Plaintiff was awoken from his nap by an unidentified individual banging on his car window and ordering him to "open the door." Plaintiff initially attempted to ignore the strange request but the banging continued.

23.     When Plaintiff was able to look through the glass and discern that this individual was a police officer from the SCPD , Plaintiff promptly obliged and opened the door.

24.     Upon information and belief, Defendant ZUCCARELLO immediately displayed a "telescopic rod,""ASP" or baton and stated, "step out of the car and let's discuss this like men."

25.     Plaintiff was bewildered and asked why he was exiting the vehicle and Defendant ZUCCARELLO barked, "Step out of the fuckin' car" in response.

26.     Once Plaintiff witnessed Defendant ZUCCARELLO's threat of violence and volatile aggression he was petrified and refused to exit the vehicle for fear of his safety.

27.     Upon information and belief, Defendant KURKLEN then opened the door on the passenger side of Plaintiff's vehicle, displayed his baton and began searching the vehicle.

28.     Cornered and scared, Plaintiff attempted to de-escalate the situation and inquired, "What did I do? What is the problem?" Upon information and belief, Defendant KURKLEN, responded by telling Defendant ZUCCARELLO, "Just fuckin' tase him."

29.     With the impending threat of being struck with an electroshock weapon (hereinafter "Taser") looming, Plaintiff asked Defendant KURKLEN and Defendant ZUCCARELLO to "relax for a minute" and volunteered to exit the vehicle.

6

30.     Plaintiff, barefoot and shaking, cautiously reached to grab his work boots on the floor of the passenger side of his vehicle, with one hand remaining on the steering wheel.

31.     Defendant ZUCCARELLO proceeded to discharge barbs from the Taser weapon into Plaintiff's left shoulder.

32.     Plaintiff struggled to breathe and became dazed and disoriented. A second SCPD car pulled onto the scene as Defendant ZUCCARELLO leaned into the vehicle to place the Taser against Plaintiff's body, without reason, and employ an excruciating "drive stun" shock while Plaintiff lay helpless.

33.     Next, Defendant ZUCCARELLO slapped a handcuff onto Plaintiff's left wrist and manhandled Plaintiff out of his vehicle by his handcuffed wrist. At this time and throughout the interaction, Plaintiff was compliant and did not resist the Defendants.

34.     Plaintiff was caused to be knocked unconscious by Defendant ZUCCARELLO who heaved Plaintiff him from his vehicle and caused Plaintiff to suffer a laceration to his head after it was slammed into the parking lot pavement.

35.     Upon information and belief, Defendants ZUCCARELLO and KURKLEN handcuffed both of Plaintiff's wrists behind his back and repeatedly yanked him by the handcuffs, causing severe lacerations on both wrists.

36.     Defendants ZUCCARELLO, KURKLEN, TURANSKY VOHS, and JOHN/JANE 1-10 also punched, kicked and stomped Plaintiff about the face, groin, neck, torso and head.

37.     When Plaintiff came to, blood was running down his face and he was lying on his stomach, handcuffed, as OFFICERS JOHN/JANE 1-10 ground Plaintiff's face into the parking lot pavement with his boot.

7

38.     Defendant Officers from the SCPD repeatedly taunted Plaintiff by stating, "Fuck you, you're in our house now."

39.     Upon information and belief, Defendants ZUCCARELLO, KURKLEN, TURANSKY, VOHS, and JOHN/JANE 1-10 began discussing how they would transport the battered Plaintiff.

40.     Upon information and belief, the Defendant Officers stated, "What are we going to do? What are we going to do with him? We can't take him like this. Call a fuckin' ambulance."

41.     Plaintiff protested against this barbaric physical and psychological treatment and asked, "What is going on? What did I do?" Plaintiff's attempts to converse with Defendants were rebuffed as he was punched several times in the ribs and suffered another Taser attack in "drive stun" to his groin area as he laid on the ground, face-down and handcuffed for simply speaking.

42.     Defendants JOHN/JANE 1-10 told Plaintiff to "shut the fuck up"and lifted his foot off of Plaintiff's head to place a white bag over Plaintiff's face before slamming it into the ground.

43.     Throughout the transport to the hospital, Defendant Officers kneed Plaintiff in his face when he asked for a drink of water, and where he was being transported to. Plaintiff had difficulty breathing in the ambulance due to the white bag over his face and blood was running into his eyes.

44.     Plaintiff was hospitalized for six (6) days after the brutal attack by Defendants ZUCCARELLO, KURKLEN, TURANSKY, VOHS, and JOHN/JANE 1-10 . Collectively, Defendants subjected Plaintiff to immediate cruel and unusual punishment and excessive and unreasonable force.

8

45.    In an effort to shield themselves from liability for the violations inflicted upon Plaintiff at the scene of the arrest, including their excessive force, Defendants ZUCCARELLO, KURKLEN, TURANSKY and VOHS charged Plaintiff with the felony offense of Assault in the Second Degree with Intent to Cause Physical Injury to a Police Officer, pursuant to New York State Penal Law §120.05 (3).

46.    Defendants ZUCCARELLO, KURKLEN, TURANSKY and VOHS made false statements about Plaintiff's actions, conspired to violate Plaintiff's rights, and manufactured facts and evidence to charge and prosecute Plaintiff in violation of his rights under Section 1983.

47.    Clearly, given the information known to the Defendants at the time that the arrest was made (i.e.: Plaintiff was subjected to a ruthless bludgeoning at the hands of Defendants and caused to be knocked unconscious while complying with Defendants' orders), Defendants' arrest of Plaintiff for the PL §120.05 (3) charge was malicious, wrongful, knowingly, unreasonable and in bad faith. His seizure was clearly unreasonable.

48.    At all times, Defendants knew, or should have known, that their actions against Plaintiff were wrongful, abusive, and in violation of Plaintiff's various civil rights.

49.    Due to the actions of Defendants, among other injuries, Plaintiff suffered two blood clots in his right arm and a torn rotator cuff.

50.    Plaintiff had extensive bruising, abrasions, cuts, scrapes, tenderness, open wounds and contusions to the head, face, feet, arms, torso, groin and wrists due to Defendants' unreasonable and excessive force.

51.    Plaintiff was caused to be shocked multiple times with the Taser weapon, which delivers no less than 50,000 volts of electricity with each deployment. In Plaintiff's case, Plaintiff

9

was shocked at least three (3) times throughout the attack.

52.     Plaintiff has suffered possible nerve damage, numbness in 3 fingers, loss of strength and loss of mobility in the right shoulder, numbness from the wrist up into his arm and is unable to straighten his elbow.

53.     Plaintiff lost blood as a result of the actions of the Defendants and suffered severe swelling and bruising of the eyes as well as bleeding from his right ear.

54.     Plaintiff received stitches for a laceration above his right eye and continues to suffer loss of hearing and loss of peripheral vision in his left eye as a result of Defendants' malicious, reckless and/or intentional actions.

55.     Plaintiff accrued medical bills and costs due to the hospital's treatment of Plaintiff for injuries inflicted upon him by Defendants. Plaintiff was hospitalized for six (6) days as a result of Defendants' bludgeoning.

56.     Plaintiff was caused to accrue unreasonable legal fees, bills, costs and other special damages due to the actions of the Defendants.

57.     Plaintiff was caused to suffer summary punishment without due process, prolonged humiliation and embarrassment due to the actions of Defendants, their agents, employees, servants and assigns.

58.     Defendants had no reasonable basis for using excessive and unreasonable force against STEVEN McCUNE, which includes but is not limited to, Tasing him three times, including while lying face-down on the ground and handcuffed, savagely beating Plaintiff and knocking him unconscious.

59.     At all times, Defendants were agents of COUNTY and were acting under color of law and pursuant to their duties as employees of county - even at times when Defendants were engaged in unlawful actions and activities.

60.     As a direct consequence of Collective Defendants' wrongful actions, intentional and unreasonable behavior and violation(s) of State and Federal laws, Plaintiff was subjected to great physical mental and emotional harm, was made to endure great pain and suffering, was subjected to great fear, terror, personal humiliation and degradation, and continues to suffer pain and mental and emotional distress as a result of aforesaid unlawful conduct of Defendants, their agents, employees, and servants.

## AS AND FOR THE FIRST COUNT
### 42 U.S.C. §1983 - EXCESSIVE FORCE, and ABUSE OF PROCESS

61.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 60 of this *Amended Complaint* with the same force and effect as though fully set forth herein.

62.     The Collective Defendants, their agents, employees and servants, commenced a the criminal prosecution against Plaintiff, STEVEN McCUNE for the sole purpose of covering up Defendants' ZUCCARELLO, KURKLEN, TURNASKY, VOHS and JOHN/JANE "DOES " 1-10 use of excessive force in the brutal assault against Plaintiff.

63.     The Collective Defendants, their agents, employees and servants, lacked legal justification to use any force against  STEVEN McCUNE.

64.     The brutal assault,  excessive force and  abuse of process and other wrongful acts conducted against Plaintiff by the defendant COUNTY, its agents, employees and servants, were

11

committed under color of law, customs, and statutes of the State of New York to deprive Plaintiff of his various constitutional rights.

65.     Under color of law, the Collective Defendants, their agents, employees and servants deprived Plaintiff of his Fourth, and Fourteenth Amendment rights to protection from excessive force, equal protection and due process (procedural and substantive), by charging Plaintiff with criminal charges for the sole purpose of covering up named Defendants unjustified and illegal use of force that resulted in the brutal assault and beating of STEVEN McCUNE.

66.     Such abuse of process was continued by the Collective Defendants, their agents, servants and employees in their refusal to adequately investigate the charges against the plaintiff and to properly review and investigate the actions of defendant officers and officials for their actions against the Plaintiff.

67.     As a result of Collective Defendants' negligent, reckless, unreasonable, and unauthorized actions, Plaintiff makes a claim of abuse of process, in violation of Plaintiff's rights under 42 U.S.C. §1983.

68.     Defendants conspired to deprive Plaintiff of his constitutional and federally secured rights to be free from abuse of process and excessive force. Defendants unjustifiably Tased Plaintiff at least three (3) times, including while lying face-down on the ground and handcuffed, violently manhandled Plaintiff from his car by his handcuffed wrist and knocked him unconscious, causing a laceration to Plaintiff's head after it slammed into the ground, then proceeded to punch, kick and stomp Plaintiff about the face, groin, neck and torso while repeatedly yanking him by his handcuffs, causing severe lacerations on both wrists.

69.     Defendants also placed a white bag over Plaintiff's face, slammed his head into the ground and kneed Plaintiff in his face during the hospital transport while the white bag obstructed Plaintiff's breathing and blood ran into his eyes, all in violation of his civil and constitutional rights.

70.     As a result of Collective Defendants' negligent, reckless, unreasonable, and unauthorized actions, Plaintiff makes a claim of excessive and unreasonable force, in violation of Plaintiff's rights under 42 U.S.C. §1983.

71.     The Collective Defendants conspired to violate Plaintiff's rights under 42 U.S.C. §1983. In actively inflicting and failing to prevent the above stated abuses upon Plaintiff, all of the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of Plaintiff against the unreasonable and excessive use of force. Said rights are guaranteed to the Plaintiff by 42 U.S.C. §1983, and by the Fourth and Fourteenth Amendments of the Constitution.

72.     As a direct consequence of Collective Defendants' wrongful actions, negligent behavior and violation of State and Federal laws, Plaintiff was deprived of his freedom, was subject to great mental and emotional harm, was made to endure physical injury, great pain and suffering, sustained loss of income, was subjected to great fear, sleeplessness, loss of consciousness, heart-ache, anxiety, terror, personal humiliation and degradation, sustained damages and injuries including but not limited to special damages, legal fees and medical expenses, violation of civil rights and continues to suffer pain and mental and emotional distress as a result of the aforesaid unlawful conduct of Defendants, their agents, employees, and servants.

73.     That by reason of the foregoing, Plaintiff suffers and continues to suffer irreparable injury and monetary damages in excess of TEN MILLION ($10,000,000.00) DOLLARS as well as

13

punitive damages, costs and attorney's fees, and any other relief this Court may find just and proper.

## AS AND FOR THE SECOND COUNT
## 42 U.S.C. §1983 - MUNICIPAL LIABILITY

74.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 73 of this *Amended Complaint* with the same force and effect as though fully set forth herein.

75.     In actively inflicting and failing to prevent the above stated abuses incurred by Plaintiff, the Defendants acted unreasonably, recklessly and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiff against physical abuse, excessive force, abuse of process and other due process violations. Said rights are guaranteed to the Plaintiff by 42 U.S.C. §1983 and by the Fourth, and Fourteenth Amendments of the Constitution.

76.     Defendant COUNTY has permitted, tolerated and encouraged a pattern and practice of unjustified, unreasonable, and illegal uses of force, beatings and uses of weapons against civilians by police officers of the COUNTY OF SUFFOLK POLICE DEPARTMENT and the wrongful detention of the same.

77.     Although such conduct was improper, the officers involved were not seriously prosecuted, disciplined or subjected to restraint, such incidents were covered up with official claims that the beatings, uses of force and uses of weapons were justified and proper or by leveling false charges against the persons, so as to insulate the offending officers and other officials.

78.     Said charges and official claims have been fully backed by COUNTY, which has repeatedly and unreasonably sided with the abuse of persons so effected in nearly all cases, despite

14

vast evidence of wrongdoing by its officers against innocent citizens, including Plaintiff herein.

79.     Defendant COUNTY has repeatedly and continuously engaged in, and/or allowed its officers, such as Defendants ZUCCARELLO, KURKLEN, TURANSKY, VOHS and JOHN/JANE 1-10, to knowingly and willingly file false reports, false criminal complaints, false criminal allegations, and false charges against innocent individuals such as Plaintiff - with immunity.

80.     As a direct result of COUNTY's policy and practice, police officers within their jurisdiction were caused and encouraged to believe that civilian persons could be beaten or abused under circumstances not requiring the unreasonable and excessive use of force and that such beatings would be permitted by COUNTY.

81.     Furthermore, COUNTY has been subjected to many federal and state Complaints and lawsuits alleging that its officers routinely file false reports against innocent persons in violation of section 1983.

82.     In addition to permitting a pattern and practice of improper beatings, false criminal complaints and abuses of civilian persons, COUNTY and SCPD have systematically failed to identify the improper abuse, misuse and brutality by police officers and officials, while further failing to subject such officers and officials to discipline, closer supervision or restraint.

83.     The COUNTY's continual refusal to train, supervise, instruct, discipline, and assure that the repeated abuses of its police officers (including writing true and accurate reports, perjury, falsely charging individuals, establishing probable cause, proper arrest procedures and excessive force) was properly addressed constituted deliberate indifference to the rights, safety, and dignities secured by the public at large (including Plaintiff herein).

84.     As a direct result, COUNTY's police officers continually write false reports, perjure themselves, falsely charge innocent persons and/or trump-up charges, arrest without probable cause, and subject individuals to excessive force.

85.     Upon information and belief, specific systemic flaws in the COUNTY brutality review process include, but are not limited to, the following:

a.      Preparing reports regarding investigations of beatings and shooting incidents as routine point-by-point justifications of the police officer's actions, regardless of whether such actions are justified;

b.      Police officers investigating beatings and shootings systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

c.      Police officers investigating beatings, shootings, and use of Taser weapons fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved;

d.      Supervisory police officers issue public statements exonerating police officers for excessive use of force and improper beatings and use of unnecessary and excessive force before the investigation of the incident by the police department has been completed;

e.      Reports in brutality cases are not reviewed for accuracy by supervisory officers. Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

86.     The foregoing acts, omissions, systemic flaws, policies and customs of the Defendants COUNTY and/or SCPD caused police officers to believe that brutality and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers are most likely to use excessive force in situations where such force is neither necessary nor reasonable.

87.     As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies, practices and customs of the Defendants, KURKLEN, ZUCCARELLO, VOHS, and JOHN/JANE 1-10 unjustifiably Tased Plaintiff three (3) times, including while lying face-down on the ground and handcuffed, violently heaved Plaintiff from his car by his handcuffed wrist and knocked him unconscious, causing a laceration to Plaintiff's head after it slammed into the ground, then proceeded to punch, kick and stomp Plaintiff about the face, groin, neck and torso while repeatedly yanking him by his handcuffs, causing severe lacerations on both wrists.

88.     Defendants also placed a white bag over Plaintiff's face, slammed his head into the ground and kneed Plaintiff in his face during the hospital transport while the white bag obstructed Plaintiff's breathing and blood ran into his eyes, all in violation of his civil and constitutional rights.

89.     Defendants did not employ appropriate procedures to physically safeguard STEVEN McCUNE, especially with respect to their attempts to take him into custody, failure to use protective devices, failure to properly employ non-lethal control devices and use of excessive force.

90.     Collective Defendants' unreasonable conduct against Plaintiff was a direct result of the COUNTY's failure to respond to the continuing and urgent need to prevent, restrain and discipline police officers who wrongfully use excessive and unreasonable force against civilian persons.

91.     Said cover-up by Defendant COUNTY was executed in this case, where the COUNTY, its agents, employees and servants failed to sufficiently investigate the truthfulness and accuracy of the Defendant Police Officers' statements and instead acted under color of statute to knowingly, recklessly and/or negligently impose criminal charges upon the Plaintiff to coverup Defendant Police Officers' excessive use of force.

92.     By permitting and assisting such a pattern of police misconduct, the Defendant, COUNTY acted under color of custom and policy to condone, encourage and promote the deprivation of Plaintiff's Fourth and Fourteenth Amendment rights; to wit Defendants ZUCCARELLO, KURKLEN, TURANSKY, VOHS and JOHN/JANE 1-10 were encouraged by COUNTY to believe that their actions against the Plaintiff would be accepted with immunity, just as these actions have been so accepted to date.

93.     As a consequence of the defendants' systemic practice, pattern, and custom of intentionally promoting and supporting violations of 42 U.S.C. § 1983, Plaintiff was deprived of his freedom, was subject to great mental and emotional harm, was made to endure great pain and suffering, sustained loss of income, was subjected to great fear, sleeplessness, heart-ache, anxiety, terror, personal humiliation and degradation, sustained damages and injuries including but not limited to special damages, legal fees and medical expenses, violation of civil rights and continues to suffer pain and mental and emotional distress as a result of the aforesaid unlawful conduct of Defendants, their agents, employees, and servants.

94.     That by reason of the foregoing, Plaintiff suffers and continues to suffer irreparable injury and monetary damages in excess of TEN MILLION ($10,000,000.00) DOLLARS as well as punitive damages, costs and attorney's fees, and any other relief this Court may find just and proper.

### AS AND FOR THE THIRD COUNT
### ABUSE OF PROCESS and ASSAULT AND BATTERY
### UNDER STATE LAW

95.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 94 of this *Amended Complaint* with the same force and effect as though fully set forth herein.

18

96.     The Collective Defendants, including Defendants ZUCCARELLO, KURKLEN, TURANSKY, VOHS and JOHN/JANE 1-10, lacked reasonable cause to justify detaining, charging or prosecuting Plaintiff - especially for Assault in the Second Degree with Intent to Cause Physical Injury to a Police Officer.

97.     Defendants wrongfully used physical force to arrest and detain the Plaintiff and/or caused Plaintiff to be detained through the use of unreasonable physical force. Plaintiff was physically prevented from leaving the custody of Defendants and was kept there under the supervision and knowledge of the Defendants without access to his freedom, family, dignity and/or home.

98.     The subsequent prosecution of Plaintiff following his arrest, which was conducted by Defendants with knowledge that Plaintiff's wrongful assault and abuse of process was committed by Defendants under color of law, customs, and statutes of the State of New York.

99.     Under color of law, the Defendants deprived Plaintiff of his rights to protection from unlawful search and seizure by wrongfully committing an assault and battery against Plaintiff, then charging and prosecuting the Plaintiff for violating criminal statutes, solely for the purposes of justifying the unlawful, and abusive beating leveled upon Plaintiff.

100.    The accusations of wrongful actions leveled against Plaintiff were false and were an attempt by the Collective Defendants, acting individually and collectively, to cover up the assault and battery, and abuse of process which has been inflicted by Defendants on Plaintiff.

101.    The Defendants acted under color of law to deny the Plaintiff his constitutional rights to due process and freedom from assault and battery, and abuse of process, or other due process guarantees secured to the Plaintiff.

19

102. Defendants, collectively and individually initiated the prosecution of Plaintiff and/or caused the initiation of Plaintiff based upon their affirmative bad-faith actions outlined above. Defendants caused the abusive prosecution of Plaintiff to continue for over a year following his arrest - due to their ongoing and collective malicious actions.

103. As a consequence of the Collective Defendants' wrongful actions, negligent behavior and violation of state laws, Plaintiff was deprived of his freedom, was subject to great mental and emotional harm, was made to endure great pain and suffering, sustained loss of income, was subjected to great fear, sleeplessness, heart-ache, anxiety, terror, personal humiliation and degradation, sustained damages and injuries including but not limited to special damages, legal fees and medical expenses, violation of civil rights and continues to suffer pain, and mental and emotional distress as a result of the aforesaid unlawful conduct of Defendants, their agents, employees, and servants.

104. That by reason of the foregoing, Plaintiff suffers and continues to suffer irreparable injury and monetary damages in excess of TEN MILLION ($10,000,000.00) DOLLARS as well as punitive damages, costs and attorney's fees, and any other relief this Court may find just and proper.

## PUNITIVE DAMAGES
### Against All Defendants Individually

105. The acts of the individual Defendants were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm Plaintiff, without regard for Plaintiff's well being, and were based on a lack of concern and ill-will towards Plaintiff. Such acts therefore deserve an award of 10 Million Dollars ($10,000,000.00) as punitive damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants:

a.    On the First Count in the sum of TEN MILLION ($10,000,000.00) DOLLARS;

b.    On the Second Count in the sum of TEN MILLION ($10,000,000.00) DOLLARS;

c.    On the Third Count in the sum of TEN MILLION ($10,000,000.00) DOLLARS;

d.    Punitive damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS;

e.    Award costs of this action including attorney's fees to Plaintiff pursuant to 42 USC § 1988 and any and all applicable attorneys fees and costs as imposed by state law.

f.    Declaratory judgment that Defendants willfully violated Plaintiff's rights secured by federal and state law as alleged herein;

g.    Injunctive relief, requiring Defendants to correct all past violations of federal and state law as alleged herein; to enjoin Defendants from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

h.    Award such other and further relief as this Court may deem appropriate.

## A JURY TRIAL IS HEREBY DEMANDED

DATED:    Hempstead, New York
             July 19, 2019

Respectfully Submitted,

LAW OFFICES OF
FREDERICK K. BREWINGTON

By: _____
FREDERICK K. BREWINGTON
*Attorneys for Plaintiff*
556 Peninsula Blvd.
Hempstead, New York 11550
(516) 489-6959

21