UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STEVEN MCCUNE,

        Plaintiff,

-against-

COUNTY OF SUFFOLK, COUNTY OF SUFFOLK
POLICE DEPARTMENT, POLICE OFFICER JOHN
A. KURKLEN, in his individual and official capacity,
POLICE OFFICER MICHAEL S. TURANSKY, in his
individual and official capacity, POLICE OFFICER
CHRISTOPHER M. ZUCCARELLO, in his individual
and official capacity, POLICE OFFICER JOHN A.
VOHS, in his individual and official capacity, and
POLICE OFFICER "JOHN" AND "JANE" DOES
1-10, Shield Nos. Unknown, individually and in their
official capacities, as police officers of the COUNTY
OF SUFFOLK POLICE DEPARTMENT,

        Defendants.

STIPULATION AND ORDER OF CONFIDENTIALITY

14-cv-04431(JS)(AKT)

1. This stipulation applies to all parties and their counsel with respect to the production of "Confidential Documents" as defined below.

2. It is, accordingly, hereby agreed and stipulated that:

(a) "Counsel" is defined to mean attorneys for the parties and their employees, any party appearing *pro se*, outside counsel retained by counsel in this litigation and those employees of outside counsel necessary to assist in this litigation.

(b) "Confidential Documents" are defined to include Suffolk County Police Department personnel and disciplinary records; records relating to any Suffolk County Police Department Internal Affairs Bureau investigation(s), along with any Attachments in whatever medium; medical and/or psychiatric records of the plaintiff and any

1

defendant; or any document subsequently stipulated as such by Counsels as being confidential, or in the absence of a stipulation, that are otherwise determined by the Court to be confidential.

(c) "Confidential Information" is defined as information contained in a confidential document which is not included in any source other than a confidential document; or any information subsequently stipulated as such by Counsel as being confidential, or in the absence of a stipulation, that is otherwise determined by the Court to be confidential.

(d) The United States District Court, Eastern District, is to have access to Confidential Documents subject to this Stipulation of Confidentiality.

(e) If properly demanded and discoverable, Counsel will produce for inspection one (1) copy of each Confidential Document to each of the other counsel. Counsel receiving said Confidential Document is prohibited from making their own copy of any Confidential Document or portions thereof given to Counsel pursuant to this stipulation, except for use as an exhibit to a paper filed in this litigation under paragraph 2(i) or except for internal working copies to be utilized solely by Counsel.

(f) Counsel shall not use any Confidential Document or any Confidential Information therein for any purpose other than the preparation or presentation of their respective client's case in this action. Counsel shall not disclose any Confidential Document or any Confidential Information therein to any person, except under the following conditions: (i) a member of the staff of their law office; (ii) an expert who has been retained or specially employed by Counsel to assist in the preparation of the litigation in this action; (iii) the Court (including the clerk, court reporter or court

stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions; (iv) a witness during deposition; (v) in a paper filed in this litigation (*see paragraph 2(i), below*); and (vi) introduction into evidence during trial of the instant matter.

(g) Within one (1) week after the production to Counsel of a Confidential Document, Counsel shall return any document(s) that they believe they do not need for use in this litigation. (h) Upon the request of any Counsel who has produced a Confidential Document, within five (5) days after the entry of a final judgment in this litigation (including appeals or petitions for review), Counsel shall (i) return all Confidential Documents produced pursuant to this stipulation; and, (ii) destroy all notes, summaries, digests, and synopses of the Confidential Documents and Confidential Information therein.

(i) In the event that a party wishes to use a Confidential Document or any Confidential Information therein in any paper filed in this litigation, such paper (or part thereof containing the Confidential Document or Confidential Information) shall be filed under seal and maintained under seal by the Court.

(j) Any and all persons to whom Confidential Documents are made available or to whom Confidential Information is disclosed under this stipulation are to be bound by the restrictions contained herein. Attached hereto as "Exhibit A" is a form to be executed by persons receiving Confidential Document and/or Confidential Information subject to this Stipulation.

(k) It is further understood that this Stipulation be "So Ordered" without further notice and may then be enforced as a Court Order, even after the entry of final judgment

in this action. If this Stipulation is "So Ordered," a copy will be furnished to counsel upon issuance of said Order.

Dated: Hauppauge, New York, 11788
MArch 17 ~~February 4~~, 2020

_____  _____
By: Frederick K. Brewington, Esq.  By: Arlene S. Zwilling
Law Offices of Frederick K. Brewington  Assistant County Attorney
Attorney for Plaintiff  Dennis M. Brown
556 Peninsula Boulevard  Suffolk County Attorney
Hempstead, New York 11550  Attorney for County Defendants
   H. Lee Dennison Building
   100 Veterans Memorial Highway
   P.O. Box 6100
   Hauppauge, NY 11788-0099

S O  O R D E R E D:

Dated: Central Islip, New York

February _____, 2020

_____
HON. A. KATHLEEN TOMLINSON, USMJ

4