UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF NEW YORK
-------------------------------------------------------------X

STEVEN McCUNE,                                                                    Docket No.: CV-14-4431
                    *Plaintiff*                                                                        **(JS) (AKT)**

     -against-

COUNTY OF SUFFOLK, COUNTY OF SUFFOLK POLICE
DEPARTMENT, POLICE OFFICER JOHN A. KURKLEN, in
his individual and official capacity, POLICE OFFICER
MICHAEL S. TURANSKY, in his individual and official
capacity, POLICE OFFICER CHRISTOPHER M.
ZUCCARELLO, in his individual and official capacity,
POLICE OFFICER JOHN A. VOHS, in his individual and
official capacity, and POLICE OFFICER "JOHN" AND
"JANE" DOES 1-10, Shield Nos. Unknown, individually and
in their official capacities, as police officers of the COUNTY
OF SUFFOLK POLICE DEPARTMENT

                                      *Defendants*.
-------------------------------------------------------------X

## PROPOSED JOINT PRETRIAL ORDER

### I. THE FULL CAPTION OF THE ACTION

The caption as set forth above is the full caption of the within action.

### II. TRIAL COUNSEL

**Attorneys for Plaintiff**
Frederick K. Brewington, Esq.
Maria K. Dyson, Esq.
Law Offices of
Frederick K. Brewington
556 Peninsula Boulevard
Hempstead, New York 11550
office: (516) 489-6959
email:  fred@brewingtonlaw.com

maria.dyson@brewingtonlaw.com

**Attorneys for Defendants**
Arlene S. Zwilling, Esq.
Assistant County Attorney
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, NY 11788
phone: 631-853-4055
email:   arlene.zwilling@suffolkcountyny.gov

## III. BASIS OF SUBJECT MATTER JURISDICTION

*Plaintiff's Statement*

This action is brought by Plaintiff pursuant to 42 U.S.C. §1983 pursuant to the Fourth and Fourteenth Amendment of the United States Constitution. Subject matter jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(3) and the aforementioned statutory provisions. This Court is requested to exercise pendant jurisdiction with respect to the State law claims pursuant to 28 U.S.C. §1367.

*Defendants' Statement*

Subject matter jurisdiction is not disputed.

## SUMMARY OF CLAIMS AND DEFENSES

*Plaintiff's Statement*

On July 23, 2014, in his initial Complaint, Plaintiff asserted claims seeking to hold Defendants County of Suffolk (hereinafter "COUNTY"), County of Suffolk Police Department (hereinafter "SCPD"), Police Officer John A. Kurklen (hereinafter "Kurklen"), Police Officer Michael S. Turansky (hereinafter "Turansky"), Police Officer Christopher M. Zuccarello (hereinafter "Zuccarello"), Police Officer John A. Vohs (hereinafter "Vohs") liable for committing the following offenses against Plaintiff:

- **First Count:** 42 U.S.C. §1983, Excessive Force, Abuse of process, False Arrest, False Imprisonment and Malicious Prosecution
- **Second Count:** 42 U.S.C. §1983 Municipal Liability
- **Third Count:** Malicious Prosecution Under State Law

On July 19, 2019, Plaintiff moved this Court seeking to amend the *Complaint* by withdrawing the following claims:

- 42 U.S.C. §1983 False Arrest, False Imprisonment
- 42 U.S.C. §1983 Malicious Prosecution
- State Law Malicious Prosecution

and keeping the remaining claims:

- 42 U.S.C. §1983 Abuse of Process
- 42 U.S.C. §1983 Excessive Force
- 41 U.S.C. §1983 Municipal Liability

*Claims Which Remain to be Tried*:

On August 22, 2019, on consent, this Court granted Plaintiff's *Motion to Amend the Complaint*. Accordingly, the following claims remain to be tried:

- 42 U.S.C. §1983 Abuse of Process
- 42 U.S.C. §1983 Excessive Force
- 41 U.S.C. §1983 Municipal Liability

**Defendants' Defenses**

1) Plaintiff's guilty pleas bars his claim for abuse of process. *Morrison v. Vine*, 2021 WL 1229558 (W.D.N.Y.Feb. 25, 2021).

2) That the amended complaint fails to state a claim upon which relief can be granted.

3) That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

4) That the amended complaint fails to set forth facts sufficient to constitute a deprivation of

any constitutional right or other basis for a civil rights claim.

5) That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

6) That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

7) That the doctrines of respondent superior and vicarious liability do not apply to a civil rights claim.

8) That municipal defendants are not liable for punitive damage awards.

9) That plaintiff has failed to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

10) That defendant s' actions, if any, were justified by the facts and circumstances presented.

11) That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that the plaintiff had committed a crime and/or offense.

12) That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

13) That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

14) That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

4

15) That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

16) That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

17) That the Suffolk County Police Department is not an entity susceptible to suit.

## TRIAL WITH OR WITHOUT A JURY
## AND NUMBER OF TRIAL DAYS

*Plaintiff's Statement*

Plaintiff requests that this matter be tried before a jury. Plaintiff anticipates that his case can be presented in three four (4) days.

*Defendants' Statement:*

Defendants anticipate that their case can be presented in three (3) days.

## VI.
## TRIAL BY MAGISTRATE JUDGE

One or both of the parties do not consent to a trial before the presiding Magistrate Judge.

## VII.
## STIPULATION OR AGREED STATEMENTS OF FACT OR LAW

*Stipulation of Facts*

1. During their interaction, if any, with plaintiff on April 3, 2012, individual defendants were acting under color of law.

# VIII.
# WITNESSES

*Plaintiff's Fact Witnesses*

It is anticipated that the following individuals will testify as witnesses in Plaintiff's case in chief:

1. STEVEN MCCUNE

Mr. McCune is the Plaintiff in this matter. Mr. McCune will testify concerning the abuse and injuries he suffered at the hands of the Defendant Police Officers, as set forth in the facts of the Amended Complaint of this matter. Mr. McCune will testify in person.

2. POLICE OFFICER JOHN A. KURKLEN, Shield #5270

John Kurklen is a Defendant in this matter, and is employed by the County of Suffolk, Suffolk County Police Department. Defendant Kurklen will be called upon to testify regarding the arrest and assault upon Plaintiff, as set forth in the facts of the Amended Complaint. It is anticipated that Defendant Kurklen will testify in person.

3. POLICE OFFICER MICHAEL S. TURANSKY, Shield #5325

Michael Turansky is a Defendant in this matter, and is employed by the County of Suffolk, Suffolk County Police Department. Defendant Turansky will be called upon to testify regarding the arrest and assault upon Plaintiff, as set forth in the facts of the Amended Complaint. It is anticipated that Defendant Turansky will testify in person.

4. POLICE OFFICER CHRISTOPHER M. ZUCCARELLO, Shield #5348

Christopher Zuccarello is a Defendant in this matter, and is employed by the County of Suffolk, Suffolk County Police Department. Defendant Zuccarello will be called upon to testify regarding the arrest and assault upon Plaintiff, as set forth in the facts of the Amended Complaint. It is anticipated that Defendant Zuccarello will testify in person.

5. DETECTIVE JOHN A. VOHS, Shield #1193

John Vohs is a Defendant in this matter, and is employed by the County of Suffolk, Suffolk County Police Department. Defendant Vohs will be called upon to testify regarding the arrest and assault upon Plaintiff, as set forth in the facts of the Amended Complaint. It is anticipated that Defendant Vohs will testify in person.

6. POLICE OFFICER DENNIS HENDRICKSON, Shield #5441

Dennis Hendrickson is a non-party witness, and is employed by the County of Suffolk,

Suffolk County Police Department. Officer Hendrickson will be called upon to testify regarding the arrest and assault upon Plaintiff, as set forth in the facts of the Amended Complaint. It is anticipated that Officer Hendrickson will testify in person.

7. POLICE OFFICER VINCENT TERMINE

Vincent Termine is a non-party witness, and is a former employee of the County of Suffolk, Suffolk County Police Department. Officer Termine will be called upon to testify regarding the arrest, assault, and use of a Taser upon Plaintiff, as set forth in the facts of the Amended Complaint. It is anticipated that Mr. Termine will testify in person.

8. SGT. MICHAEL RAFFERTY, Shield #5441

Michael Rafferty is a non-party witness, and is employed by the County of Suffolk, Suffolk County Police Department. Sgt. Rafferty will be called upon to testify regarding the arrest and assault upon Plaintiff, as set forth in the facts of the Amended Complaint. It is anticipated that Sgt. Rafferty will testify in person.

9. POLICE OFFICER THOMAS LAFEMIA, Shield #5754

Thomas LaFemia is a non-party witness, and is an employee of the County of Suffolk, Suffolk County Police Department. Mr. Lafemia will be called upon to testify regarding the arrest and assault upon Plaintiff, as set forth in the facts of the Amended Complaint. It is anticipated that Mr. LaFemia will testify in person.

10. POLICE OFFICER CHRISTOPHER ZUCCARELLO, Shield #5348

Christophe Zuccarello is a non-party witness, and is an employee of the County of Suffolk, Suffolk County Police Department. Mr. Zuccarello will be called upon to testify regarding the arrest and assault upon Plaintiff, as set forth in the facts of the Amended Complaint. It is anticipated that Officer Zuccarrello will testify in person.

11. POLICE OFFICER MICHAEL MCCABE, Shield #4577

Michael McCabe is a non-party witness, and is an employee of the County of Suffolk, Suffolk County Police Department. Officer McCabe will be called upon to testify regarding the arrest and assault upon Plaintiff, as set forth in the facts of the Amended Complaint. It is anticipated that Officer McCabe will testify in person.

12. JASON BASSETT, ESQ.

Mr. Bassett is a non-party witness, and was the former attorney of Plaintiff, and represented Plaintiff in the underlying criminal matter. Mr. Bassett will be called upon to testify regarding the arrest, and assault upon Plaintiff, as set forth in the facts of the Amended Complaint. It is anticipated that Officer McCabe will testify in person.

13.     MATTHEW RUTMAN, D.O.

Dr. Rutman is a non party witness, and was Plaintiff's treating Emergency Room physician during his admission to Southside Hospital on March 3, 2012. Dr. Rutman will be called upon to discuss Plaintiffs' injuries and treatment during his stay in the hospital. It is anticipated that Dr. Rutman will testify in person.

14.     SUZANNE ABRAMS, R.N.

Ms. Abrams is a non-party witness, and was the Primary R.N., in the Emergency Room during Plaintiff's admission to Southside Hospital on March 3, 2012. Nurse Abrams will be called upon to discuss Plaintiff's injuries and treatment during his stay in the hospital. It is anticipated that Nurse Abrams will testify in person.

15.     DONALD FAGELMAN, M.D.

Dr. Fagelman is a non-party witness, and was Plaintiff's Attending Radiologist during Plaintiff's admission to Southside Hospital on March 3, 2012. Dr. Fagelman will be called upon to discuss Plaintiffs' injuries and treatment during his stay in the hospital. It is anticipated that Dr. Fagelman will testify in person.

16.     ROBERT PRICHEP, M.D.

Dr. Prichep is a non party witness, and was Plaintiff's treating physician during Plaintiff's admission to Southside Hospital on March 3, 2012. Dr. Prichep will be called upon to discuss Plaintiff's injuries and treatment during his stay in the hospital. It is anticipated that Dr. Prichep will testify in person.

17.     DAVID MALAKA, M.D.

Dr. Malaka is a non party witness, and was Plaintiff's treating physician during Plaintiff's admission to Southside Hospital on March 3, 2012. Dr. Malaka will be called upon to discuss Plaintiff's injuries and treatment during his stay in the hospital It is anticipated that Dr. Malaka will testify in person.

18.     ERIC PRICE, M.D.

Dr. Price is a non party witness, and was Plaintiff's treating physician during Plaintiff's admission to Southside Hospital on March 3, 2012. Dr. Price will be called upon to discuss Plaintiff's injuries and treatment during his stay in the hospital It is anticipated that Dr. Price will testify in person.

19.     SHREYAS MISTRY, M.D.

Dr. Mistry is a non party witness, and was Plaintiff's treating physician during Plaintiff's admission to Southside Hospital on March 3, 2012. Dr. Mistry will be called upon to discuss Plaintiff's injuries and treatment during his stay in the hospital It is anticipated that Dr. Mistry will testify in person.

20. ROBERT ZORN, M.D.

Dr. Zorn is a non party witness, and was Plaintiff's treating physician during Plaintiff's admission to Southside Hospital on March 3, 2012. Dr. Zorn will be called upon to discuss Plaintiff's injuries and treatment during his stay in the hospital It is anticipated that Dr. Zorn will testify in person.

*Plaintiff's Expert Witness*

Plaintiff has not designated an expert witness.

*Defendants' Witnesses*

In addition, to the persons named in plaintiff's list of witnesses, whom defendants reserve the right to call as witnesses regardless of whether or not called by plaintiff, defendants intend to call the following persons as witnesses:

1) Keith Kramer

Witness will testify as to his interaction with plaintiff of April 3, 2012.

2) Peter Scheuerer

Witness will testify as to his interaction with plaintiff of April 3, 2012.
**Objection: Witness not identified Pursuant to Fed. R.Civ. 26**

3) Howard Simon

Witness will testify as to his interaction with plaintiff of April 3, 2012.

4) Representative of Suffolk County Police Department Communications Bureau

Witness will authenticate Suffolk County Police Department recordings, if necessary.
**Objection: Witness not identified Pursuant to Fed. R. Civ. P. 26; Plaintiff has no knowledge as to the identity of this individual, nor what information he possess concerning this matter.**

5) Michael O'Grady

Witness will testify regarding his interaction with plaintiff and his call to the Suffolk County Police Department for assistance on April 3, 2012.

9

*Defendants' Expert Witness*

      Defendants have not designated an expert witness.

## IX.
## DEPOSITION TESTIMONY TO BE OFFERED AT TRIAL

*Plaintiff's Statement*

      Plaintiff does not designate any deposition testimony to be offered in the case; except in the event of the unavailability of a witnesses, or for impeachment purposes.

*Defendants' Statement*

      At this time, defendants do not intend to offer any deposition testimony at trial, but fully reserve their right to use all deposition testimony for impeachment and other purposes permitted under the Federal Rules of Civil Procedure and Federal Rules of Evidence.

## X.
## **EXHIBITS TO BE OFFERED AT TRIAL**

*Plaintiff's Exhibits*

The following exhibits will be offered in Plaintiff's case in chief:

| **EXHIBIT NO.** | **DESCRIPTION** | **OBJECTIONS** |
|---|---|---|
| 1. | Deposition in Support of Drug Charge by Det. Dennis Murphy, shield no.: 941, dated April 3, 12, bates stamp# McCune 00001 | Irrelevance, hearsay |
| 2. | Deposition of P.O. John Kurklen, sworn to on 04/03/12, for offense of CPCS7 degree, and resisting arrest, bates stamp# McCune 00002 | Irrelevance, hearsay |
| 3. | Deposition of Christopher Zuccarello, sworn to on 04/03/12, for offense of CPCS7 degree, and resisting arrest, bates stamp# McCune 00003 | Irrelevance, hearsay |
| 4. | Letter, dated May 29, 2012, from Jason Bassett to ADA Michael Ross regarding the return or property seized by SCPD from Plaintiff, bates stamp# McCune 00004-5, 00008-9 | Irrelevance, hearsay |
| 5. | Notice of Demand to be Notified of Presentation to the Grand Jury- Docket Nos. 012SU019535, 536, bates stamp# McCune 00010-11 | Irrelevance, hearsay |
| 6. | Letter, dated May 22, 2012, from Jason Bassett, Esq., to Southside Hospital, bates stamp# McCune 00012-13 | Irrelevance, hearsay |

| 7. | Fax Coversheet, dated 08/08/12, from Michael Ross to Jason Bassett, with documents:<br>• Property Release form - bates stamp# McCune 0015<br><br>• Memo from Ross to Property Clerk, dated 07/09/12, re: Release of Property belonging to Plaintiff - bates stamp# 00016<br><br>• Letter, dated 07/09/12, from Michael Ross to Plaintiff concerning location of his property - bates stamp# 00017 | Irrelevance, hearsay |
|---|---|---|
| 8. | Memo, dated 04/18/12, from Michael Ross, regarding voluntary discovery, bates stamp# McCune 00018 | Irrelevance, hearsay |
| 9. | NYSID Report with Plaintiff's arrest records, bates stamp# McCune 00019-31 | |
| 10. | Fax, dated 05/05/12 from Jason Bassett to Robert Gallo, together with authorization for release of photographs of Plaintiff, bates stamp# McCune 00032-34 | Irrelevance, hearsay |
| 11. | Dkt. No.: 2012SU19535, Felony Complaint, sworn to by John R. Vohs, dated 04/03/12, charging Plaintiff with: Count #001 Assault in the 2nd Degree, in violation of PL 120.05(03), bates stamp# 00041-42 | Irrelevance, hearsay |
| 12. | Dkt. No.: 2012SU19535, Felony Complaint, sworn to by John R. Vohs, dated 04/03/12, charging Plaintiff with: Count #002 Assault in the 2nd Degree in violation of PL 120.05(03), bates stamp# 0043-44 | Irrelevance, hearsay |
| 13. | SCPD Deposition to John Kurklen, dated 04/03/12, n support of charge Assault 2nd degree, bates stamp# McCune 00045 | Irrelevance, hearsay |
| 14. | SCPD Deposition of Christopher Zucarello, dated 04/03/12, in support of charge Assault 2nd degree, bates stamp# McCune 00046 | Irrelevance, hearsay |

| 15. | Dkt. No.: 2012SU19536, Misdemeanor Information, sworn to by Michael S. Turansky, dated 04/04/12, charging Plaintiff with: Count #001 Criminal Possession of a Controlled Substance 7th degree, in violation of PL 220.03, bates stamp# McCune 00047 | Irrelevance, hearsay |
|---|---|---|
| 16. | SCPD Statement Form, prepared by Michael O'Grady, daed 04/03/12, bates stamp# McCune 00048-49 | Irrelevance, hearsay |
| 17. | Dkt. No.: 2012SU19536, Misdemeanor Information sworn to by Michael S. Turansky, dated 04/04/12, charging Plaintiff with: Count #002 Criminal Possession of a Controlled Substance, 7th degree, in violation of PL 220.03, bates stamp# McCune 00050 | Irrelevance, hearsay |
| 18. | Dkt. No.: 2012SU19536, Misdemeanor Information sworn to by Michael S. Turansky, dated 04/04/12, charging Plaintiff with: Count #003 Resisting Arrest, in violation of PL 205.30, bates stamp# McCune 00051 | Irrelevance, hearsay |
| 19. | Photograph of Plaintiff's injuries: bates stamp# McCune 00054 | Redundancy, prejudice |
| 20. | Photograph of Plaintiff's injuries: bates stamp# McCune 00055 | Redundancy, prejudice |
| 21. | Photograph of Plaintiff's injuries: bates stamp# McCune 00056 | Redundancy, prejudice |
| 22. | Photograph of Plaintiff's injuries: bates stamp# McCune 00057 | Redundancy, prejudice |
| 23. | Photograph of Plaintiff's injuries: bates stamp# McCune 00058 | Redundancy, prejudice |
| 24. | Photograph of Plaintiff's injuries: bates stamp #McCune 00059 | Redundancy, prejudice |
| 25. | Photograph of Plaintiff's injuries: bates stamp# McCune 00060 | Redundancy, prejudice |
| 26. | Photograph of Plaintiff's injuries: bates stamp# McCune 00061 | Redundancy, prejudice |

| 27. | Photograph of Plaintiff's injuries: bates stamp# Southside Hosp-SCPD-cc no.: 12-216578 01 | Redundancy, prejudice |
|---|---|---|
| 28. | Photograph of Plaintiff's injuries: bates stamp# Southside Hosp-SCPD-cc no.: 12-216578 02 | Redundancy, prejudice |
| 29. | Photograph of Plaintiff's injuries: bates stamp# Southside Hosp-SCPD-cc no.: 12-216578 03 | Redundancy, prejudice |
| 30. | Photograph of Plaintiff's injuries: bates stamp# Southside Hosp-SCPD-cc no.: 12-216578 04 | Redundancy, prejudice |
| 31. | SCPD Supplementary Report, prepared by Def. Kurklen, dated 04/03/12, bates stamp# Att-12-1 | Irrelevance, hearsay |
| 32. | SCPD Subject Resistance Report, prepared by Def. John Kurklen, dated 04/03/12, bates stamp# Att-7-2 | Irrelevance, hearsay |
| 33. | SCPD Injured Employee Report, prepare for Def. John Kurklen, dated 04/03/12, bates stamp# Att#10-1 | Irrelevance, hearsay, doctor patient privilege |
| 34. | SCPD Internal Correspondent to: Lt. Corsino from : Def. Kurklen, dated 01/23/2015, re: I.A.B. Case #12-509i, bates stamp# Att#17-1-17-2 | Irrelevance, hearsay |
| 35. | SCPD Taser Report, serial no.: X00-384757, record date range: 04/02-04/12, P.O. Kurklen, bates stamp# Att#8-1 | Irrelevance, hearsay |
| 36. | SCPD Use of Force Report, IA No. UOF2012-0163, rec'd 04/04/12, Case No.: 12-216578, bates stamp# Att#9-1-9-5 | Irrelevance, hearsay |
| 37. | SCPD Internal Correspondence, dated 02/08/15 to Lt. Corsino, from Michael Turansky, re: IAB #12-5091, bates stamp# Att-24 | Irrelevance, hearsay |
| 38. | SCPD Arrest/Charge Data, printed 11/21/2013, prepared by Michael Turansky, for arrest of Plaintiff on 04/03/12, bates stamp# Att#6-1 | Irrelevance, hearsay |
| 39. | SCPD Arrest/Charge Data, printed 11/21/13, prepared by Michael Turansky, for arrest of Plaintiff on 04/03/12, bates stamp# Att# 6-3-6-4 | Irrelevance, hearsay |

21

| 40. | SCPD Security Envelope No.: 185126, handled by Michael Turansky, with Evidence Analysis Request, dated 04/03/12, bates stamp# Att#-13-2 &13-3 | Irrelevance, hearsay |
|---|---|---|
| 41. | SCPD Property Section Invoice Receipt, prepared by Michael Turansky, bates stamp# Att#13-1 | Irrelevance, hearsay |
| 42. | SCPD Incident Report Continuation, report dated 05/02/12, prepared by Jon R. Vohs, Turansky ebt exh. 6 | Irrelevance, hearsay |
| 43. | SCPD Arrest Report, CC: 12-0216578, prepared by John Vohs, Turansky, ebt exh. 7 | Irrelevance, hearsay |
| 44. | SCPD Incident Report, CC: 12-0216735 dated 04/03/12, prepared by Michael Turansky, bates stamp# Att#3-1-3-2 | Irrelevance, hearsay |
| 45. | SCPD Department General Order - Use of Physical Force - Order No.: 11-60, 11-81 | Irrelevance, hearsay |
| 46. | SCPD Use of Physical Force - Non Lethal Weapons and Equipment - Order No.: 11-80 | Irrelevance, hearsay |
| 47. | SCPD Injured Employee Report, prepared by Christopher Zuccarrello, dated 04/13/12, bates stamp# Att#-10-2 | Irrelevance, hearsay, doctor patient privilege |
| 48. | SCPD Subject Resistance Report, dated 04/03/12, prepared by Christopher Zuccarrello, dated 04/08/12, bates stamo# Att#-7-1 | Irrelevance, hearsay |
| 49. | SCPC Internal Correspondence to: Lt. Christopher Corsino from Christopher M. Zuccarello, dated 01/27/15, re: IAB Case #12-509i, bates stamp# Att#18 | Irrelevance, hearsay |
| 50. | Notice of Claim, bates stamp #McCune 00147-149 | |
| 51. | SCPD Internal Correspondence to: C.O. Internal Affairs Bureau, from: Nancy Zinser, dated: 07/06/12, re: Internal Affairs Bureau Alert Report, IA #12-509i, date rec'd: 07/05/12, bates stamp# Att#1-1 | Irrelevance, hearsay |

| 52. | SCPD Subject Resistance Report, dated 04/03/12, prepared by Thomas LaFemina, bates stamp# Att #7-5 | Irrelevance, hearsay |
|---|---|---|
| 53. | SCPD Internal Correspondence, dated: 05/25/15, to: Inspector Amando Valencia, Commanding Officer Internal Affairs Bureau, from: Capt. Kevin M. Foley, Internal Affairs Bureau, re: Internal Affairs Case #2012-509i | Irrelevance, hearsay |
| 54. | SCPD Internal Correspondence, dated 03/03/15, to: Inspector Armando Valencia, from: Lieutenant Christopher Corsino 1500/T1, re: Internal Affairs Bureau Case #12-5091 Notice of Claim/Summons and Complaint, pgs. 1-12 | Irrelevance, hearsay |
| 55. | Taser Firing Data, serial no.: X00-588287, for period 04/02-04/12, P.O. Rafferty, bates stamp# Att#8-2 | Irrelevance, hearsay |
| 56. | SCPD Subject Resistance Report, dated 04/03/12, prepared by Dennis M. Hendrickson, bates stamp# Att#7-7 | Irrelevance, hearsay |
| 57. | SCPD Internal Correspondence, dated 01/16/2015, to Lt. Corsino, from Dennis M. Hendrickson, re: Internal Affairs Bureau Alert #12-509i, bates stamp# Att-20 | Irrelevance, hearsay |
| 58. | SCPD Subject Resistance Report, dated 04/03/12, reported by Michael Rafferty, bates stamp# Att#7-3 | Irrelevance, hearsay |
| 59. | SCPD Internal Correspondence, dated 02/25/15, to: Lt. Christopher Corsino, from Sgt. Michael Rafferty, re: IAB Alert #12-509i, bates stamp# 19 | Irrelevance, hearsay |
| 60. | SCPD, Supplementary Report, dated 04/03/12, prepared by Sgt. Michael Rafferty, bates stamp# Att #12-4 | Irrelevance, hearsay |
| 61. | Transcript of 50-H hearing of Steven McCune, conducted on 08/22/12, bates stamp #McCune 00062-149 | |
| 62. | SCPD Supplementary Report, CC No.: 12-216578, dated 04/03/12, prepared by Zuccarello | Irrelevance, hearsay |

23

| 63. | SCPD Information or Recording Search Request, requested by John Vohs, shield #1193, dated 04/03/12 | Irrelevance, hearsay |
|---|---|---|
| 64. | SCPD CC No.: 12-216735, Identification Section Report, Investigator John Vohs, prepared by Steven Georges, Evidence Specialists, regarding his going to Southside Hosp., to take fingerprints and mug photos of Steven McCune | Irrelevance, hearsay |
| 65. | SCPD notes of interview at Southside Hosp., prepared by member of SCPD | Irrelevance, hearsay |
| 66. | SCPD Arrest Worksheet, prepared by Turansky | Irrelevance, hearsay |
| 67. | SCPD Arrest Report CC No.: 12-0216735/SPD, dated 04/03/12, prepared by Michael Turansky | Irrelevance, hearsay |
| 68. | SCPD Prisoner Activity Log for period 04/04/12 - 04/10/12, Michael Turansky arresting officer | |
| 69. | SCPD Subject Resistance Report, dated 04/04/12, prepared by Keith Kramer, shield #4400 | Irrelevance, hearsay |
| 70. | SCPD Subject Resistance Report, dated 04/04/12, prepared by Michael K. McCabe, shield #4577 | Irrelevance, hearsay |
| 71. | SCPD Scene Log; log initiated 04/03/12 @1900 hrs; log terminated 04/03/12@2010 hrs., prepared by Keith Kramer 4400 | Irrelevance, hearsay |
| 72. | Plaintiff's medical records from Southside Hospital | Irrelevance, hearsay |

*Defendants' Exhibits*

In addition to the items listed in plaintiff's Exhibit List, which defendants reserve the right to offer in evidence if not offered, or received when offered, by plaintiff, defendants intend to offer the following items in evidence, in whole or in part:

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS |
|---|---|---|
| A | Transcript of plaintiff's deposition taken August 25, 2020 | |
| B | Plaintiff's Arrest Paperwork, cc #12- 216735 | Hearsay, unable to identify what documents and relevance |
| C | Suffolk County Police Department audio recordings related to subject incident | |
| D | Plaintiff's Response to Defendants' First Set of Interrogatories dated February 4, 2020 | Object to the wholesale use without limiting rulings |
| E | Transcript of proceedings in People v. Steven McCune, Supreme Court, County of Suffolk, case # 1054-2014, December 9, 2014 | Objection; hearsay, relevance, FRE 401 and 403 |
| F | Transcript of proceedings in People v. Steven McCune, Supreme Court, County of Suffolk, docket #2012-010385, May 19, 2015 | Objection; hearsay, relevance, FRE 401 and 403 |
| G | Transcript of proceedings in People v. Steven McCune, Supreme Court, County of Suffolk, docket #s 2016SU018209S, 2015SU05266, 2016SU044654S, 2017SU011695S, September 8, 2017 | Objection; hearsay, relevance, FRE 401 and 403 |

**RESERVATION OF RGHTS**

Subject to the ruling of this Court, Plaintiff and Defendants, by and through counsel, reserve their respective rights to amend and to supplement this Pre-Trial Order.

Subject to the ruling of this Court, Plaintiff and Defendants reserve the right to use any relevant and admissible exhibit identified by Plaintiff's or Defendants' exhibit lists whether or not the Plaintiff or Defendants actually offers such exhibit at the time of trial.

Subject to the ruling of this Court, Plaintiff and Defendant reserve the right to object to any of Plaintiff's or Defendants' exhibits which have not been provided to either party.

Subject to the ruling of this Court, Plaintiff and Defendants respectfully reserve the right to offer for evidence any items, information, and documents obtained pursuant to subpoena.

Subject to the ruling of this Court, Plaintiff and Defendants additionally reserve the right to object to Plaintiff's or Defendants' exhibits based on relevancy or other evidentiary grounds.

The Parties respectfully reserve the right, subject to the ruling of this Court, to call upon any witnesses identified by each other's Joint Pre-Trial Order in this action.

Dated: October 8, 2021

| | |
|---|---|
| LAW OFFICES OF<br>FREDERICK K. BREWINGTON | DENNIS M. COHEN<br>COUNTY ATTORNEY |
| */S/Frederick K. Brewington* | */S/ Arlene S. Zwilling* |
| By: FREDERICK K. BREWINGTON<br>*Attorneys for Plaintiff*<br>556 Peninsula Boulevard<br>Hempstead, New York<br>(516) 489-6959 | By: ARLENE S. ZWILLING<br>*Attorneys for Defendants*<br>100 Veterans Memorial Highway<br>Hauppauge, New York 11788<br>(631) 853-4049 |