

*Attorneys and Counselors at Law*
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 •
www.brewingtonlaw.com

Frederick K. Brewington
Albert D. Manuel III
Leah Jackson
Cobia M. Powell

Of Counsel
Oscar Holt III
Jay D. Umans

February 16, 2022

**BY ELECTRONIC CASE FILING**
Honorable Joanna Seybert
United States District Court Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-9014

      **Re: *McCune v. County of Suffolk, et al.***
      ***Docket No.: 2:14-CV-04431 (JS)***

Dear Judge Seybert:

  As your records will reflect, we are the attorneys for the Plaintiff in the above referenced matter. First, we apologize for our delay in providing this letter to Your Honor, however, I mis-calendared it for today instead of yesterday. Then in the process of my drafting, my desktop computer had a catastrophic crash. I lost all the documents I was working on and all the research for two brief as well as this letter. We respectfully ask Your Honor to please accept this submission at this time.

  We write in response to Your Honor's Order of February 1, 2023 and address the three points set out in that Order. As to Plaintiff's Battery Claim, same is voluntarily withdrawn.

  After reviewing the case law, we do not believe that *Morrison v. Vine* is controlling in the instant case. "The Second Circuit has noted '[t]here has been considerable confusion within our Circuit regarding whether probable cause is a complete defense to a claim of abuse of process under New York law.' *Mangino v. Inc. Vill. of Patchogue*, 808 F.3d 951, 958 (2d Cir. 2015)." *Morrison v. Vine*, 2021 WL 1229558 *3 (W.D.N.Y. February 25, 2021) That Western District of New York case is not binding on this Court. Additionally, the *Morrison* case, does not stand for the proposition that all Abuse of Process cases are barred if a Plaintiff takes a plea in the underlying criminal case. In fact, that Mr. McCune did not plea to an assault is key. As of the writing of this opposition, the Second Circuit has not resolved this legal uncertainty, so the issue remains unsettled. *See, e.g., Pulk v. Winter*, 722 F. App'x 36, 39 (2d Cir. 2018). Further, *Morrison* makes it clear that what is alleged in this case by Plaintiff serves to support the continuation of his Abuse of Process claim. Here the abuse of process claim arises from the beating and the 'improper

purpose' of covering up that beating, avoiding investigation of the brutality suffered by Plaintiff and using that felony charge of assault to avoid criminal prosecution for their actions. Plaintiff has articulated in his pleading 'collateral objective' prong of the abuse of process standard." *Hoffman v. Town of Southampton*, 893 F. Supp. 2d 438, 448 (E.D.N.Y. 2012). In the Complaint, Plaintiff sets out that defendants were "charging Plaintiff with criminal charges for the sole purpose of covering up named Defendants unjustified and illegal use of force that resulted in the brutal assault and beating of STEVEN McCUNE." Amended Complaint para 65). Further, Plaintiff has made clear that his being charged with Felony Assault was to use that legal process by Defendants to avoid exposure to investigation and review of how Plaintiff was "Tased [ ] at least three (3) times, including while lying face-down on the ground and handcuffed, violently manhandled Plaintiff from his car by his handcuffed wrist and knocked him unconscious, causing a laceration to Plaintiff's head after it slammed into the ground, then proceeded to punch, kick and stomp Plaintiff about the face, groin, neck and torso while repeatedly yanking him by his handcuffs, causing severe lacerations on both wrists." Plaintiffs plea to a drug possession charge had nothing to do with the false claim that he resisted arrest. Accordingly the abuse of process claim should proceed to trial.

In response to Defendants Vohs and Turansky. Both of these Defendants should remain in this case. Defendant Vohs not only was part of the abuse of process in swearing out false informations and court complaints alleging that he was doing so on his personal knowledge when he admitted in his deposition that his sworn statements charging Plaintiff were not based on his personal knowledge. He testified to the following:

> Q Did you at some point have involvement or contact with a person by the name of Steven McCune?
> A Yes.
> Q Was that contact direct contact or with his paperwork?
> A I would say 98 percent with his paperwork.
> Q Let's go to the two percent that you say was not the paperwork and then we'll come back to the paperwork if that's all right. Can you tell us please what contact you did have with him physically, that being with any regard to seeing him, addressing him, dealing with him?
> A I had no physical contact with him. I did respond to the hospital to possibly interview him but he was sedated. He was not able to talk. I don't believe he even knew I was ever there and at that time I took some photos of him and that is the only contact I had with him.
> Q At any time, did you ever speak to Steven McCune?
> A No.
> Q At any time, did you ever receive anything in writing from Mr. McCune himself?
> A No. (Deposition Transcript pp. 18-19)

With this back drop, the following testimony was given:

> Q Is this your signature that is on the right-hand side above the complainant line?
> A Yes.

> Q In this situation, what were the circumstances that led you to filling out this felony complaint and signing it?
> A After being told of the incident, I interviewed Michael O'Grady and then subsequent to that, I interviewed the two officers that were injured. I took statements from all three and then filled out this document.
> Q The reference under it says count one, I believe this charge is assault in the second degree that Mr. McCune was being charged with which is a felony assault; is that correct?
> A Yes.
> Q There's a box that's checked here that says this charge is based upon Complainant's personal knowledge and on information and belief, the sources being Christopher Zuccarello, John Kurklen, Michael O'Grady. What was the personal knowledge that you had that supported the to wit clause that is above that section?
> A I'm having a problem answering that question.
> Q What is the problem, sir?
> A It's more based on the information and the belief of the sworn testimony of these three individuals.
> Q I just want to be clear that there is a box underneath it that is not checked that says, this charge is based solely upon information and belief, the sources being and that's blank; is that correct?
> A Yes.
> Q With regard to any personal knowledge that you had, would it be accurate to say that you had no personal knowledge, you did not witness any aspects of the underlying crime; is that right?
> A Yes.
> Q Do you believe that the box that should have been checked was the one below the one that you did check?
> A In some ways. I'm not sure if the -- I know it hasn't been the practice to do it that way.
> Q When you say -
> A No. No. No. I'm sorry. I understand what you're saying. Yeah, I believe it could have been based -- the charges based solely -- yeah, it could have been.
> Q Just so your answer is clear, could have been based solely, can you finish your sentence please?
> A On the information and belief.
> Q This document, at least on this page, which is McCune 41, you signed and you swore to, correct?
> A Yes. (Dep. Transcript pp. 28-30)

Going to another document Defendant Vohs is asked:

> Q The page is also sworn to; is that correct?
> A Yes.
> Q This also checks the Complainant's personal knowledge and/or information and belief like the previous page, correct?

3

A Yes.

Q Going to the next page, this is assault in the second degree again, the second count of assault two. That also has the box Complainant's personal knowledge and information and belief checked; is that right?

A Yes.

Q That's sworn to on April 3rd and has your signature on it, correct?

A Yes.

Q It has a continuation to the next page which is, we're going from McCune 43 to McCune 44 and that also is checked in the charges based upon the Complainant's personal knowledge and on the information and belief. Would you agree that this is all based on information that you did receive from other persons or sources?

A Yes.

Q So the box there that is checked, just based on the information that's in the document and what you knew and did not know should have been based on information and belief, not on your personal knowledge, correct?

A Yes. (Dep. Transcript pp. 31-32)

Clearly, the abuse of process claim on the charge of Assault in the Second Degree places this Defendant squarely in this case and his actions also support that allegations in the Monell claim

As to Defendant Turansky, and contrary to the claim that he was not on the scene and that he had not contact, his testimony in his deposition and police records place in at the scene and being present during the arrest, cuffing and beating of Plaintiff. Plaintiff believes that he was one of the people that beat him, however at a minimum Defendant Turansky admits he was present and that "Well, I attempted to help them and I was told they had it, go process the car." (Dep. Transcript p. 24) Then Defendant Turansky says he did not see any injuries but was 4 to 5 feet from Plaintiff.(Dep Transcript p. 27). His denial of obvious injuries and his proximity to Mr. McCune supports that aside from the Plaintiff's testimony of his direct involvement, he failed to intervene in the physical abuse being visited on Plaintiff.

Based on the facts in this record, neither Defendant Turansky or Vohs should be released from their parts in this matter.

Respectfully submitted,
*Frederick K. Brewington*
FREDERICK K. BREWINGTON

cc: Arlene S. Zwilling, Esq. (via ecf)
FKB:pl