SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK                    PART: 5
------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK      Court Case No.:
                                         01054-2014
        -against-

STEVEN McCUNE,
                    Defendant.    PLEA
------------------------------------------X

                              December 9, 2014
                              210 Center Drive
                              Riverhead, New York

B e f o r e:

        THE HONORABLE RICHARD AMBRO,
            Supreme Court Justice

A p p e a r a n c e s:

        THOMAS J. SPOTA III, ESQ., District Attorney,
        County of Suffolk
        For the People of the State of New York,
        By:  SONA SULLIVAN, ESQ.,
        Assistant District Attorney

        LEGAL AID SOCIETY OF SUFFOLK COUNTY
        By:  BRYAN BROWNS, ESQ.
        For the defendant.

R e p o r t e d    B y:

        ELIZABETH A. DONOVAN,
        Senior Court Reporter

```
 1              COURT CLERK:     On Page 1,
 2   calendar case number 2 for hearings, Steven
 3   McCune.
 4              THE COURT:     Mr. McCune was in
 5   the courtroom.  Mr. Browns is in another
 6   courtroom.  Second call.  That's hearings for
 7   around 11:30.
 8              (Whereupon, the matter was
 9   recalled.)
10              COURT CLERK:     Page 1, calendar
11   case number 2 for hearings, Steven McCune.
12              MR. BROWNS:     Yeah, for the
13   defendant.
14              (Whereupon, the defendant stepped
15   up to the rail.)
16              THE COURT:     Mr. McCune, good
17   morning.  How are you?
18              THE DEFENDANT:     Good morning.
19              THE COURT:     Since the case was
20   last on I had a chance to look over the case.
21   We're prepared to start hearings.
22              Before we do that I need to go
23   through with you your exposure and what the
24   bottom line offer is, make sure you know what
25   you're doing before we move the case to trial.
```

1       What is the offer currently,
2  Miss Sullivan?
3       MS. SULLIVAN:   Your Honor,
4  should the defendant withdraw his
5  previously-entered plea of not guilty and
6  enter a plea of guilty as charged to criminal
7  possession of a controlled substance in the
8  seventh degree in Count 3 and resisting arrest
9  in Count 4, the People will recommend a
10 sentence of three years probation.
11      THE COURT:   The indictment, of
12 course, charges you with two assaults in the
13 second degree, charges under Counts 1 and 2,
14 which I know what your position is, you didn't
15 do; criminal possession of a controlled
16 substance in the seventh degree which is a
17 misdemeanor and resisting arrest which is also
18 a misdemeanor.
19      A couple of things, Mr. McCune.
20 First of all, you have legitimate lawsuit on
21 the assault charge and resisting arrest that
22 is not my business.  I'm presiding over a
23 criminal trial and will be making legal
24 decisions on this case.  And a jury will
25 decide at trial whether or not you're guilty

1  of any of these charges.  But what they have
2  to decide on the assault charge is not whether
3  you beat up two police officers but whether
4  two police officers got injured trying to
5  arrest you.
6              THE DEFENDANT:    Yeah.
7              THE COURT:    If Miss Sullivan can
8  convince them that they got injured because
9  you were resisting arrest, then you can end up
10 doing anything from two years as a minimum to
11 seven years as a maximum on each of the
12 assault charges.  Likely not consecutive but,
13 potentially, consecutive depending on how the
14 facts play out.  Do you understand all that?
15             THE DEFENDANT:    Yes.
16             THE COURT:    On any criminal case
17 you've got to make a decision as to the
18 likelihood of winning the case at trial and
19 weigh it against what the People are offering.
20 At this time the People are offering
21 misdemeanors and probation without any
22 potential for going to jail.  It's the type of
23 thing you want to think long and hard about
24 before you move the case to trial.
25             THE DEFENDANT:    Yes.

```
 1            THE COURT:    Mr. Browns has asked
 2   for time to talk to your other lawyers.
 3   Frankly, as I indicated, I don't care what
 4   your other lawyers have to say.  You know, I'm
 5   not doing EBTs for a civil case.
 6            THE DEFENDANT:    I understand.
 7            THE COURT:    I'm doing a criminal
 8   trial.  But I'll give him a short period of
 9   time to try and do that.  I'm going to
10   regroup here at 12:30.  Have your answer as
11   to whether or not we're going to proceed with
12   the hearings today in which case I think
13   Miss Sullivan is going to be revoking the
14   offer or you're going to take a plea in this
15   case.  I'll give you a half an hour to talk to
16   Mr. Browns and make some phone calls and see
17   you back here at 12:30.
18            THE DEFENDANT:    Okay, thanks.
19            (Whereupon, the matter was
20   recalled.)
21            COURT CLERK:    On Page 1
22   recalling case number 2 for hearings, Steven
23   McCune.
24            (Whereupon, the defendant stepped
25   up to the rail.)
```

```
 1              THE COURT:    Do you have an
 2    application, Mr. Browns?
 3              MR. BROWNS:    Judge, at this time
 4    Mr. McCune authorizes me to withdraw his
 5    previously-entered pleas of not guilty to
 6    Counts 3 and 4 and enter pleas of guilty to
 7    Counts 3 and 4 in satisfaction of the entire
 8    indictment with the understanding that
 9    Mr. McCune will be sentenced to three years
10    probation.
11              THE COURT:    Mr. McCune, I have
12    a long series of questions and then
13    Miss Sullivan has a long series of questions.
14    Before I get to that, is that what you want to
15    do?  Because I see you shaking your head.  I
16    would rather not go through this if --
17              THE DEFENDANT:    It's not about
18    me.  It's about my son.  I can't risk going to
19    jail and losing my kid.  I can't.  So I'll
20    have to take this.
21              THE COURT:    I understand.
22    Things are always about weighing, you know,
23    all of you personal options in your life.
24    These are big decisions.  I understand that.
25    I'm simply asking if you're prepared to do
```

```
 1          this or not or you want to move forward with
 2          the hearings?
 3                  THE DEFENDANT:    I can't.  I
 4          can't risk it.
 5                  THE COURT:    What is the People's
 6          recommendation as to sentence?
 7                  MS. SULLIVAN:    Three years
 8          probation, Your Honor, with alcohol and
 9          narcotics conditions.
10                  THE COURT:    Could we have
11          Mr. McCune sworn, please.
12                  COURT CLERK:    Mr. McCune, please
13          raise your right hand.
14                  (Defendant complying.)
15                  S T E V E N    M c C U N E, the
16          defendant, having been first duly sworn by the
17          clerk of the court, was examined and testified
18          as follows:
19                  COURT CLERK:    Sir, in a loud,
20          clear voice, please state your full name.
21                  THE DEFENDANT:    Steven McCune.
22                  COURT CLERK:    Your date of
23          birth.
24                  THE DEFENDANT:    4/12/68.
25                  COURT CLERK:    And your current
```

```
 1    home address.
 2                THE DEFENDANT:    10 Sugarwood
 3    Lane, Commack, New York 11725.
 4                COURT CLERK:    Thank you.
 5                THE COURT:    Mr. McCune, did you
 6    hear Mr. Browns offer to withdraw your
 7    previously-entered not guilty plea and enter
 8    pleas of guilty to two misdemeanors, criminal
 9    possession of a controlled substance in the
10    seventh degree and resisting arrest?
11                THE DEFENDANT:    Yes.
12                THE COURT:    Have you had time to
13    talk to Mr. Browns about it and is that what
14    you want to do?
15                THE DEFENDANT:    Yes.
16                THE COURT:    Are you satisfied
17    with the manner in which he's represented you
18    here?
19                THE DEFENDANT:    Yes, I am.
20                THE COURT:    Have you had enough
21    time to talk to him about it?
22                THE DEFENDANT:    Yes.
23                THE COURT:    How old are you?
24                THE DEFENDANT:    I'm sorry?
25                THE COURT:    How old are you?
```

```
 1              THE DEFENDANT:     Forty-seven.
 2              THE COURT:     Do you read and
 3   write English?
 4              THE DEFENDANT:     Yes.
 5              THE COURT:     Have you had any
 6   drugs or alcohol in the last twenty-four hours
 7   which might affect your ability to understand
 8   what we're doing here?
 9              THE DEFENDANT:     No.
10              THE COURT:     Do you understand
11   that by pleading guilty it has the same legal
12   effect as if you went to trial and were found
13   guilty of possession seventh and resisting
14   arrest?
15              THE DEFENDANT:     I do.
16              THE COURT:     By pleading guilty
17   you're waiving certain rights including a
18   right to a trial by either a jury or the
19   Court, your right to have the prosecution
20   produce evidence and prove your guilt beyond a
21   reasonable doubt, your right to have your
22   lawyer cross-examine witnesses, your right to
23   testify in your own behalf or to remain silent
24   and not have that silence held against you,
25   your right to call witnesses and submit
```

1   evidence at the trial.  But when you plead
2   guilty you waive, or give up, every one of
3   those rights.  Do you understand all that?
4              THE DEFENDANT:    I do.
5              THE COURT:    Based on a series of
6   conversations I had with your lawyer and the
7   prosecutor, I promised to sentence you, as
8   recommended by both sides, to three years
9   probation with alcohol and narcotics
10  conditions.  Has anybody promised anything
11  other than that?
12             THE DEFENDANT:    No.
13             THE COURT:    My promise, though,
14  is contingent on your behavior between today
15  and the sentencing date.  And what I mean by
16  that is you need to be in court on any date
17  that I set, you need to cooperate with the
18  Probation Department so that I have a
19  presentence report to read on the sentencing
20  date and you need not to be rearrested on any
21  new charges.
22             If you violated any one of those
23  conditions, then I can sentence you to
24  anything up to and including a year in jail.
25  And if you violated one of those conditions,

```
 1    then I wouldn't let you withdraw your plea.
 2    Do you understand that?
 3                  THE DEFENDANT:    I do.
 4                  THE COURT:    Are you entering
 5    into this plea knowingly, voluntarily and of
 6    your own free will?
 7                  THE DEFENDANT:    Yes.
 8                  THE COURT:    Has anyone forced
 9    you, threatened you or coerced you to get you
10    to plead guilty?
11                  THE DEFENDANT:    No.
12                  THE COURT:    By pleading guilty
13    you will be waiving you right against
14    self-incrimination which means you're going to
15    have to answer questions under oath now about
16    these two crimes.
17                  THE DEFENDANT:    Yes.
18                  THE COURT:    Were you born in
19    this country, sir?
20                  THE DEFENDANT:    I was.
21                  THE COURT:    Whereabouts?
22                  THE DEFENDANT:    Huntington.
23                  THE COURT:    You may inquire,
24    Miss Sullivan.
25                  MS. SULLIVAN:    Thank you, Your
```

```
 1    Honor.
 2              Sir, I'm going to direct your
 3    attention to April 3, 2012 at approximately
 4    6:12 P.M.  On that date and time were you at
 5    370 Motor Parkway in Hauppauge in the Town of
 6    Smithtown, County of Suffolk, State of New
 7    York?
 8              THE DEFENDANT:    Yes.
 9              MS. SULLIVAN:    Were you in a
10    motor vehicle?
11              THE DEFENDANT:    Yes.
12              MS. SULLIVAN:    And in that motor
13    vehicle were you in possession of a controlled
14    substance --
15              THE DEFENDANT:    Yes.
16              MS. SULLIVAN:    -- namely, crack
17    cocaine?
18              THE DEFENDANT:    Paraphernalia,
19    yes.
20              MS. SULLIVAN:    Was there crack
21    cocaine on your dashboard?
22              THE DEFENDANT:    Yes.
23              MS. SULLIVAN:    And you know it's
24    illegal to have crack cocaine.
25              THE DEFENDANT:    Yes.
```

1   MS. SULLIVAN:    And you knew that
2   it was crack cocaine.
3   THE DEFENDANT:    Yes.
4   MS. SULLIVAN:    Now, in addition
5   to the crack cocaine, you also had two glass
6   tubes containing crack cocaine?
7   THE DEFENDANT:    Yes.
8   MS. SULLIVAN:    Now, also on that
9   date, time and location, sir, did you
10  intentionally prevent or attempt to prevent a
11  police officer, namely, Officer Ducarella
12  (Phonetic) and Officer Kirkland (Phonetic)
13  from effecting an authorized arrest of
14  yourself?
15  THE DEFENDANT:    Yeah.
16  MS. SULLIVAN:    More
17  specifically, sir, at 370 Motor Parkway,
18  Hauppauge when asked to exit your car by
19  police officers after being told you were
20  being placed under arrest for criminal
21  possession of a controlled substance, did you
22  refuse to exit your vehicle?
23  THE DEFENDANT:    Yes.
24  MS. SULLIVAN:    Did you then
25  flail your arms and refuse to be handcuffed?

```
 1              THE DEFENDANT:      Yeah.
 2              MS. SULLIVAN:       And you failed to
 3   comply with the officers' requests?
 4              THE DEFENDANT:      Yep.
 5              MS. SULLIVAN:       And you had to be
 6   subdued and arrested.
 7              THE DEFENDANT:      Yep.
 8              MS. SULLIVAN:       The People are
 9   satisfied, Your Honor.
10              THE COURT:    Mr. McCune, are you
11   aware that ordinarily anybody who is convicted
12   of a crime in the State of New York has a
13   right to appeal?
14              THE DEFENDANT:      Yes.
15              THE COURT:    That is, a higher
16   court will review the proceedings.  Your
17   appellate rights are separate and apart from
18   your trial rights.  Given the plea the People
19   are offering and the sentence I promised, you
20   will be waiving your right to appeal?
21              THE DEFENDANT:      Yes.
22              THE COURT:    You're doing that
23   after having spoken with Mr. Browns about your
24   appellate rights?
25              THE DEFENDANT:      Yes.
```

1           THE COURT:    And you understand
2   that when you waive your right to appeal and
3   once you're sentenced on the case, it's going
4   to be over for good?
5           THE DEFENDANT:    Yes.
6           THE COURT:    Given all the
7   statements you just made under oath, how do
8   you plead to criminal possession of a
9   controlled substance in the seventh degree,
10  guilty or not guilty?
11          THE DEFENDANT:    Guilty.
12          THE COURT:    And how do you plead
13  to resisting arrest, guilty or not guilty?
14          THE DEFENDANT:    Guilty.
15          THE COURT:    The Court will
16  accept both of those pleas, order a PSI and
17  adjourn the matter for sentence.
18          Any date in February, Mr. Browns.
19          (Whereupon, counsel conferred with
20  the defendant.)
21          MR. BROWNS:    February 13th?
22          MS. SULLIVAN:    Judge, how about
23  the 12th?
24          MR. BROWNS:    Yeah, that's fine.
25          No, we're not here on the 12th.

```
 1              MS. SULLIVAN:       Oh.
 2              THE COURT:       The 12th is a
 3   holiday, Lincoln's birthday.
 4              MS. SULLIVAN:       11th?
 5              MR. BROWNS:       Okay.
 6              THE COURT:       February 11th for
 7   sentence.
 8              We need you back here then,
 9   Mr. McCune.
10              THE DEFENDANT:       Sorry?
11              THE COURT:       I need you back here
12   on February 11th.
13              THE DEFENDANT:       Okay.
14              COURT CLERK:       (Handing.)
15              (Continued on the next page...)
16
17
18
19
20
21
22
23
24
25
```

1       MR. BROWNS:    Thank you.

2       THE COURT:    Thanks, all.

3                   -oOo-

4   **REPORTER'S CERTIFICATION**

5

6       I, Elizabeth A. Donovan, a

7   Senior Court Reporter, County Court,

8   Suffolk County, do hereby certify that

9   the foregoing matter is a true and

10  accurate transcription of my stenographic

11  notes.

12  _____
    Elizabeth A. Donovan
13  Senior Court Reporter