

*Attorneys and Counselors at Law*
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 •
www.brewingtonlaw.com

Frederick K. Brewington
Albert D. Manuel III
Leah Jackson
Cobia Powell

Of Counsel
Oscar Holt III
Jay D. Umans

May 12, 2023

**VIA ELECTRONIC CASE FILING**
Honorable Steven Tiscione
United States District Court
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

     RE: <u>McCune v. County of Suffolk, et. al</u>
        Docket No.: 14-CV-4431 (ST)

Dear Judge Tiscione:

  This office represents the Plaintiff in the above referenced matter. We respectfully submit the instant letter in support of Plaintiff's motion *In Limine*. This case was brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fifth Amendments to the United States Constitution as incorporated in the Fourteenth Amendment and made applicable to the States and their political subdivisions. Plaintiff brings before this Court his claims of 42 U.S.C. §1983 Excessive Force; Abuse of Process and Municipal Liability. The triable issues here stem from an encounter on April 3, 2012 where Defendant Suffolk County Police Officers used excessive and unreasonable force in their beating of Plaintiff while in their custody, and then sought to cover up their beating of Plaintiff by alleging that he assaulted them.

  A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine. *See Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). In fact, "[t]he purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996).

  It is anticipated that the Defendants will raise issues about Plaintiff's arrest and/or conviction record ("criminal record"). It is Plaintiff's position that no evidence relating to either should be allowed to be presented to this jury. Mr. McCune has no felony convictions. Trial courts in the Second Circuit must make an "on-the-record determination supported by specific facts and circumstances that the probative value of the evidence substantially outweighs its prejudicial effect" before admitting a conviction under Rule 609(b). *United States v. Mahler*, 579 F.2d 730, 736 (2d Cir. 1978). The use

*Judge Tiscione*
*May 12, 2023*
*Page 2*

of Plaintiff's criminal record by the Defendants to, *inter alia*, claim or suggest that Plaintiff was being assaultive, disruptive, verbally abusive and/or combative at the time of the incident, simply because of that criminal record, would be improper. Rule 608(b) of the Federal Rules of Evidence prohibits the introduction of extrinsic evidence of specific instances of conduct for the purpose of attacking one's credibility. The mere fact that Plaintiff has a criminal record would improperly have the effect of suggesting Plaintiff's propensity to either violate the law or be combative. Thus, Plaintiff's criminal record, in its entirety, should be deemed inadmissible by the Court.

First, a number of Plaintiff's arrests and/or convictions occurred more than 10 years ago.

- Plaintiff was arrested for criminal trespass-2nd Degree on October 15, 2007. Plaintiff was convicted upon a plea of guilty to Disorderly Conduct (a violation) on April 29, 2008. Plaintiff was sentenced to a Conditional discharge.

- Plaintiff was arrested on October 5, 2007 for Criminal Impersonation-2nd Degree. Plaintiff was convicted upon a plea of guilty to Criminal Impersonation-2nd Degree on December 2, 2008. Plaintiff was sentenced to three years probation and 280 hours of community service.

- Plaintiff was arrested on July 12, 2007 for Criminal Possession Controlled Substance-7th Degree. Plaintiff was convicted upon a plea of guilty to Criminal Possession-7th Degree on December 2, 2008. Plaintiff was sentenced to three years probation; 80 hours of community service and license suspension of 6 months.

- Plaintiff was arrested on July 31, 1999 for Aggravated Unlicensed Operation of a Motor Vehicle-1st Degree and Operating Motor Vehicle Impaired by Drugs-1st Degree. Plaintiff was convicted upon a plea of guilty to Aggravated Unlicensed Operation Motor Vehicle-2nd Degree and Operating Motor Vehicle Impaired by Drugs on August 3, 1999. Plaintiff was sentenced to three years probation, a fine of $500.00 and license suspension of 90 days.

- Plaintiff was arrested on September 21, 1996 for Loitering Unlawful use of Controlled Substance. This charge was dismissed on March 27, 1997.

More than ten years have elapsed since the date of these convictions and arrests. Further, Counsel for the Defendants never gave Plaintiff advance written notice of their intent to use such evidence in accordance with Rule 609(b) of the Federal Rules of Evidence. Aside from each of these matters being charges that are ancient, having occurred between 16 to 24 years ago, none of them were felonies. Each of these convictions were misdemeanors and are inadmissible pursuant to Rule 609(a)(1). Rule 609 only allows convictions of crimes "punishable by death or imprisonment in excess of one year" to be admitted and subject to Rule 403. Fed.R.Evid. 609(a)(1). Further, the Disorderly

*Judge Tiscione*
*May 12, 2023*
*Page 3*

Conduct (violation); Criminal Impersonation-2nd Degree (misdemeanor); Criminal Possession-7th Degree (misdemeanor); Aggravated Unlicensed Operation Motor Vehicle-2nd Degree (misdemeanor); or Aggravated Unlicensed Operation Motor Vehicle-2nd Degree and Operating Motor Vehicle Impaired by Drugs (misdemeanors) do not amount to convictions on the scale of veracity-related crimes that could allow for their admissibility. *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977); *see Daniels v. Loizzo*, 986 F.Supp. 245, 249 (S.D.N.Y 1997).

The incident which occurred on April 3, 2012 which gave rise to the instant Complaint led to an arrest for Assault 2nd Degree, Criminal Possession Controlled Substance-7th Degree and Resisting Arrest (both misdemeanors). Plaintiff pled guilty to the Resisting Arrest and Criminal Possession Controlled Substance-7th Degree. With respect to the criminal possession controlled substance to which Plaintiff pled guilty, the conviction is not admissible in the instant case pursuant to Rule 609(b)(2) as no written notice has been provided of the intent to offer that conviction. Further, the possession of a controlled substance is not indicative of truthfulness and the probative value of a conviction of guilty plea is substantially outweighed by the danger of unfair prejudice. *See Eng v. Scully*, 146 F.R.D. 74 (S.D.N.Y. 1993). Therefore, the criminal possession of a controlled substance conviction cannot be used for the purpose of attacking the credibility of Plaintiff. In this case, Plaintiff's credibility is of decisive importance. *See Daniels*, 986 F.Supp. at 251. Revealing the details of Plaintiff's misdemeanor conviction of possession of a controlled substance creates a risk of unfair prejudice in the minds of the jurors, causing juror confusion. *See id*. While Rule 609 allows for admission of crimes, those admissions are subject to the Rule 403 balancing test, which provides for the exclusion of relevant evidence (1) that has the possibility of unfair prejudice which is greater than its probative value, or (2) evidence which is confusing, misleading, causes needless delay, wastes time or is cumulative. Fed.R.Evid. 403

In weighing the probative value of evidence of the prior conviction against its prejudicial effect, the Second Circuit considers the following factors: "[1] the impeachment value of the prior crimes, [2] the date of the conviction and the [Plaintiff's] subsequent history, [3] the degree of similarity between past crimes and this crime, [4] the centrality of the [Plaintiff's] credibility in this case, and [5] the importance of [Plaintiff's credibility]." *U.S. v. Brown*, 2009 W.L. 728448, *3 (E.D.N.Y. March 10, 2009) (citing *U.S. v. Jenkins*, No. 02-cr-1384, 2003 U.S. Dist. LEXIS 7774, *4 (S.D.N.Y. May 8, 2003)). However, while the above factors are all relevant, "**prime among them is [the first factor, i.e.] whether the crime, by its nature, is probative of a lack of *veracity*.**" *Brown*, 2009 W.L. 728448 at *3. (Emphasis added) Here, the impeachment value of a criminal possession of a controlled substance conviction is very low. "Illegally possessing a firearm is not an example of prior untruthfulness nor is it a crime of deception, and such a conviction does not offer insight into how credible a witness...would be." *U.S. v. Agostini*, 280 F.Supp.2d 260, 262 (S.D.N.Y. 2003). Here, in the instant case, Plaintiff's testimony that he was not disruptive and/or fighting is central to his claims that the Defendant officers beat him for no apparent reason while in their custody. Therefore, the minimal probative value of the supposed prior conviction for drug possession is far outweighed by its potential for unfair prejudice and will only lead to confusing and/or misleading the jury. *See id*. at 262.

*Judge Tiscione*
*May 12, 2023*
*Page 4*

  Moreover, the courts within the Second Circuit have held that "[c]onvictions for narcotic offenses are usually not considered to involve dishonesty or false statement." *Fletcher v. City of New York,* 54 F.Supp.2d 328, n.3 (S.D.N.Y. 1999). In fact, the Second Circuit barred a conviction for the importation of cocaine under Rule 609. *Id.* (citing *Hayes*, 553 F.2d at 827-828). It is Plaintiff's position that the Defendants cannot meet the burden of demonstrating that the conviction was for a crime that involved dishonesty or false statement. *Fletcher,* 54 F.Supp.2d at 331. Drug possession "in the [fifth] degree has little bearing on the veracity of [Plaintiff] as a witness and thus, ranks fairly low on the impeachment value scale." *Brown*, 2009 W.L. 728448 at *9. Possession has hardly any probative value on the matter of truthfulness. *Haynes v. Kanaitis*, 2004 W.L. 717115, *3 (D.Conn. March 3, 2004)(concluding that the probative value of evidence of possession of narcotics is substantially outweighed by the danger of unfair prejudice; its probative value as to credibility is not significant as it involves only possession). Courts consistently find that drug possession does not equate with truthfulness, and that allowing such a conviction to be introduced creates the danger of unfair prejudice in the minds of the jurors. *Daniels*, 986 F.Supp. at 251. Therefore, Plaintiff's conviction of criminal possession of a controlled substance should not be admissible.

  Should this conviction be deemed admissible, the jury will have knowledge that Plaintiff does not possess an unblemished character. *See Eng*, 146 F.R.D. at 78; *see also U.S. v. Figueroa*, 618 F.2d 934, 942 (2d Cir. 1980) (the "age of a prior conviction does reflect somewhat on its value as an index of [plaintiff's] current credibility.") Convictions have more probative value as they become more recent. *U.S. v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977). As previously discussed, because credibility is central to Plaintiff's case, the probative value is far outweighed by its prejudicial effect.

  Additionally, being that it is anticipated that the Defendant officers will testify that Plaintiff was being violent, disruptive, and combative on the date of the incident set forth in the Complaint, the controlled substance and criminal possession of a controlled substance charges are not admissible pursuant to Rule 404(b) because these charges do not show proof of motive, opportunity, intent, preparation, plan, or knowledge to engage in disruptive, verbally abusive and combative behavior. The charges of criminal possession of a controlled substance have nothing to do with allegations of being violent, disruptive, and combative. Further, the same argument as above applies to any attempts by Defendants to impeach Plaintiff for any arrest or charge that never resulted in a conviction.[1]

  The attempt to place before the Jury that Plaintiff pled guilty to Resisting Arrest should not be allowed as it will cause serious confusion to the Jury. The fact is that Defendants used the Felony Assault charge to bolster their claim of resisting arrest and to force Plaintiff into pleading guilty to the resisting arrest, a misdemeanor. The transcript of Mr. McCune's plea demonstrates the serious and real

---

[1]It is clear that "misconduct not culminating in a conviction cannot be proved by extrinsic evidence, but misconduct that has been the basis of a conviction may be so proved under the detailed provisions of Rule 609" so long as the conviction is deemed admissible, by the Court. *Fletcher v. City of New York*, 54 F.Supp.2d 328, 333 (S.D.N.Y. 1999)(internal citation omitted).

questions that complicate the attempt by the Defendants to offer the conviction for resisting arrest. In fact, Judge Richard Ambro of the Suffolk County Supreme Court explained to Plaintiff the following:

> THE COURT: The indictment of course charges you with two assaults in the second degree, charges under Counts 1 and 2, which **I know what your position is, you didn't do; criminal possession of a controlled substance in the seventh degree which is a misdemeanor and resisting arrest which is also a misdemeanor**. A couple of things, Mr. McCune. **First of all you have a legitimate lawsuit on the assault charge and resisting arrest that is not my business.** I'm presiding over a criminal trial whether or not you're guilty of any of these charges. But what they have to decide on the assault charge is not whether you beat up two police officers but whether two police officers got injured trying to arrest you.
>
> THE DEFENDANT: I understand.
>
> THE COURT: I'm doing a criminal trial. But I'll give him a short period of time to try and do that. I'm going to regroup here at 12:30. Have your answer as to whether or not we're going to proceed with the hearings today in which case I think Miss Sullivan is going to be revoking the offer of you're going to be revoking the offer or you're going to take a plea in this case. I'll give you a half an hour to talk to Mr. Browns and make some phone calls and see you back here at 12:30. (Court Minutes of Plea, December 9, 2014, pp 3-4- attached to Defendants' In Limine Motion)(Emphasis added)

Mr. McCune did not plead to anything that would warrant the beating to which he was subjected or can even be explained by Defendants. Thus, the attempted use by Defendants to try and confuse the jury with an argument that the resisting arrest plea supports their allegation that somehow Mr. McCune caused the police to beat him. Of course nothing could be more incorrect. In fact, it was the Defendants who, by bringing false assault charges against Mr. McCune sought to create a false narrative that they now want to spin. Plaintiff's underlying arrest is irrelevant and inadmissible pursuant to Rules 401 and 402 of the Federal Rules of Evidence."[A] plaintiff's subsequent conviction … is 'irrelevant to whether the [arresting] officers' actions were objectively reasonable before and during the course of the incident at issue' in an excessive force case." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 537, 539 (E.D.N.Y. 2011)(citation omitted) (alteration in original). In other words, "the ultimate disposition of Plaintiff's arrest is irrelevant to the issue of whether Plaintiff was subjected to excessive force, and is likely to confuse the jury." *Picciano v. McLoughlin*, No. 5:07-CV-0781 (GTS)(GJD), 2010 WL 4366999, at *6 (N.D.N.Y. Oct. 28, 2010), adhered to in part, 2011 WL 382230 (N.D.N.Y. Feb. 3, 2011). *See also, Hardy v. Adams*; 2023 WL 143781at *5 (N.D.N.Y. Feb. 1, 2023), citing *Ridge v. Davis*, No. 18-cv-8958, ––– F.Supp.3d –––, ––––, 2022 WL 16737299, at *2, 2022 U.S. Dist. LEXIS 202603, at *4-5 (S.D.N.Y. Nov. 7, 2022), finding that "evidence related to subsequent proceedings stemming from the Inmate Misbehavior Report is not relevant to Plaintiff's claims and would confuse the issues." *Hardy* at *5. The offering of any such evidence should be

*Judge Tiscione*
*May 12, 2023*
*Page 6*

precluded as such evidence is inadmissible under Rule 402 and 403. In particular, it is inadmissible under Federal Rule of Evidence 403 because any minimal probative value is substantially outweighed by the dangers of confusing the issues, misleading the jury, and wasting time.

Allowing the abovementioned charges to be admitted has the serious potential to prejudice the jury's perception of the facts at issue. The Defendants will have the opportunity to question Plaintiff about his conduct during the incident in question and should not be allowed to cause confusion for the jury. Consequently, Plaintiff's criminal record, in its entirety, should be deemed inadmissible by the Court.

For the above stated reasons, Plaintiff respectfully requests that these Motions *In Limine* be granted.

Respectfully submitted,

*Frederick K. Brewington*
FREDERICK K. BREWINGTON

cc:    Arlene Zwilling, Esq. (*via ECF*)