

**Attorneys and Counselors at Law**
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 •
www.brewingtonlaw.com

<u>Frederick K. Brewington</u>
Albert D. Manuel III
Leah Jackson
Cobia Powell

<u>Of Counsel</u>
Oscar Holt III
Jay D. Umans

May 19, 2023

**VIA ELECTRONIC CASE FILING**
Honorable Steven Tiscione
United States District Court
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

RE: <u>McCune v. County of Suffolk, et. al</u>
Docket No.: 14-CV-4431 (ST)

Dear Judge Tiscione:

This office represents the Plaintiff in the above referenced matter. We respectfully submit the instant letter in Opposition to the *In Limine* motion filed by Defendants. This case was brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fifth Amendments to the United States Constitution as incorporated in the Fourteenth Amendment and made applicable to the States and their political subdivisions. Plaintiff brings before this Court his claims of 42 U.S.C. §1983 Excessive Force; Abuse of Process and Municipal Liability. The triable issues here stem from an encounter on April 3, 2012, at which time Defendant Suffolk County Police Officers used excessive and unreasonable force in their beating of Plaintiff while in their custody, and then sought to cover up their beating of Plaintiff by alleging that he assaulted them.

A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine. *See Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). In fact, "[t]he purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996).

First, we note that Defendants have somewhat changed their approach to this issue since we last addressed it before Judge Seybert. In essence, this motion is a second bite at the preclusion apple that led to the Court's Order of February 1, 2023 asking Plaintiff to address three points set out in that Order. At that time Defendants referenced *Morrison v. Vine*, 2021 WL 1229558 *3

(W.D.N.Y. February 25, 2021) as being controlling on this issue of whether Plaintiff could pursue his claims under Abuse of Process. We advised the Court in our letter dated February 16, 2023 that, we did not believe that *Morrison v. Vine* was controlling in the instant case. Our submission made it clear that "The Second Circuit has noted '[t]here has been considerable confusion within our Circuit regarding whether probable cause is a complete defense to a claim of abuse of process under New York law.' *Mangino v. Inc. Vill. of Patchogue*, 808 F.3d 951, 958 (2d Cir. 2015)." *Morrison v. Vine*, 2021 WL 1229558 *3 (W.D.N.Y. February 25, 2021) We also urged the Court to consider that a Western District of New York case is not binding on this Court. Additionally, we pointed out that the *Morrison* case, did not stand for the proposition that all Abuse of Process cases are barred if a Plaintiff takes a plea in the underlying criminal case.

Rather than hold fast to their original arguments, the Defendants have altered their direction and now claim that the doctrine of collateral estoppel prevents Plaintiff from "contending that he did not" possess crack cocaine and did not flail his arms. Of course the ability to twist this point is, on its face, troubling. Clearly, what Defendants now intend to do is assert that because he pled guilty to a drug possession and resisting arrest,(which was in part a result of pressure from both the prosecutor and the judge), that his horrific beating was justified and that he brought it upon himself. This is not what is contemplated by the law and it is just what should **not** be allowed. The cases cited by Defendants are inapposite. In fact, the cases cited by the Court in *Bongiorno v. Perilli*, 537 F.Supp. 3d 367 (N.D.N.Y. 2021) inform us that "'A claim of excessive force would not be precluded by the plaintiff's prior convictions for resisting arrest ... unless facts actually determined in his criminal conviction that were necessary to the judgment of conviction are incompatible with the claim of excessive force raised in the subsequent civil suit.' *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000)."

While Mr. McCune may be estopped from denying his admission which was made as part of a plea bargain, he is not precluded from the denying assaulting any of the officers, denying doing anything that resembled an assault, or fully pursing his claims of being the subject of excessive force and constitutionally violative use of force against him. Mr. McCune did not plea to an assault. Clearly, the crimes to which Mr. McCune pled guilty and was convicted do not include either violence, or threats thereof, as essential elements. Neither of the crimes to which Plaintiff pleaded guilty should be part of the evidence in this matter. To this point, we incorporate the aspects of Plaintiff's *In Limine* motion that seeks to preclude any reference or mention of the conviction of either the drug possession or resisting arrest during this civil case.

Defendants further allege that Mr. McCune should not be permitted to contend that he was improperly charged in his criminal case. **For the sake of clarity, this appears to be Defendants' further attempt to have Plaintiff's Abuse of Process claim dismissed, although they failed to make a motion to dismiss and failed to file a motion seeking summary judgment.** Essentially, Defendants are attempting, through the back door on the virtual eve of trial, to do what they failed to do when the schedule for motions allowed them that opportunity. Courts in this district have routinely rejected untimely motions for summary judgment filed under the guise of motions *in*

limine. *See, e.g., Okeke v. N.Y. & Presbyterian Hosp.*, No. 16-cv-570 (CM), 2017 U.S. Dist. LEXIS 87449, at *3-4 (S.D.N.Y. June 6, 2017); *Bank of N.Y. Mellon Tr. Co. v. Morgan Stanley Mortg. Capital*, 2017 U.S. Dist. LEXIS 20721, at *10 (S.D.N.Y. Feb. 10, 2017); *Broadspring, Inc. v. Congoo*, LLC, No. 13-CV-1866 (JMF), 2014 U.S. Dist. LEXIS 177838, at *20 (S.D.N.Y. Dec. 29, 2014). Defendants should not be allowed to circumvent the Court's order that required them to file a Summary Judgment motion by July 24, 2020 (Court Document 21-1). Even if that Court Order was not in place, Defendants cannot avoid their utter failure to file a motion pursuant to FRCP 56(b) within 30 days of the close of all discovery. Defendants' *sub rosa* motion for summary judgment should be rejected. As Judge Cogan noted in *Funk v. Belneftekhim*, 2020 WL 5645190 at *2, an *in limine* motion is "generally not the appropriate vehicle for effecting dismissal of entire claims." *See also New Am. Mktg. FSI LLC v. MGA Entm't, Inc.*, 187 F.Supp.3d 476, 481 (S.D.N.Y. 2016); *Media Alliance, Inc. v. Mirch*, 09-CV-0659, 2012 WL 162375, at *5 (N.D.N.Y. Jan. 19, 2012) ["Defendants attempt, at this late date, to assert novel arguments in an effort to obtain dispositive relief in a motion *in limine* is improper."]. Essentially, Defendants have waived any right to file Summary Judgment motions, and now seek to revive that opportunity by masking their dispositive motion as an *In Limine* application. The Court should deny this application as being out of time and having been waived.

Should the Court decide to address this application by Defendants, we point out that their current filing, once again, takes a different approach than that placed before Judge Seybert when they relied on *the Morrison* case. It appears that they have abandoned that case and the theory they advanced along with it. In the instant matter, the abuse of process claim arises from the beating and the 'improper purpose' of covering up that beating, avoiding investigation of the brutality suffered by Plaintiff and using that felony charge of Assault in the Second Degree to avoid criminal prosecution for their actions. "In New York, a malicious abuse-of-process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003)(citations omitted) "Malicious abuse of criminal process also supports liability under § 1983." *Savino*, 331 F.3d at 76-77.

Plaintiff has articulated in his pleading the 'collateral objective' prong of the abuse of process standard." *Hoffman v. Town of Southampton*, 893 F. Supp. 2d 438, 448 (E.D.N.Y. 2012). In the Complaint, Plaintiff sets out that defendants were "charging Plaintiff with criminal charges for the sole purpose of covering up the named Defendants unjustified and illegal use of force that resulted in the brutal assault and beating of STEVEN McCUNE." (Amended Complaint para 65). "There must be an abuse of process, that is, a use of process that has as its direct object the achievement of an improper and ulterior purpose or objective." *Pinter v. City of New York*, 976 F. Supp. 2d 539, 568 (S.D.N.Y. 2013) (internal quotation marks omitted). Defendants knew that their beating of Plaintiff, use of Taser weapons and serious injuries which compelled his hospitalization might lead to an investigation or even criminal charges against them unless they could assert they were assaulted. Their improper and ulterior purpose was to falsely claim that Plaintiff had assaulted them. There

was no basis, legally or factually, to charge the Felony Assault. Thus, Plaintiff has made clear that his being charged with Felony Assault was an attempt to use that legal process by Defendants to avoid their exposure to, charges, investigation and review of how Plaintiff was "Tased [ ] at least three (3) times, including while lying face-down on the ground and handcuffed, violently manhandled Plaintiff from his car by his handcuffed wrist and knocked him unconscious, causing a laceration to Plaintiff's head after it slammed into the ground, then proceeded to punch, kick and stomp Plaintiff about the face, groin, neck and torso while repeatedly yanking him by his handcuffs, causing severe lacerations on both wrists." (Amended Comp. ¶ 68)

Contrary to Defendants' urging, there was no probable cause to charge Plaintiff with Felony Assault, and it became clear as the prosecution went forward that the evidence showed that the Felony charge amounted to be a fiction. "[E]ven when probable cause is present at the time of arrest, evidence could later surface which would eliminate that probable cause."); *Jean v. County of Nassau*, No. 14-CV-1322, 2020 WL 1244786, at *9 (E.D.N.Y. Mar. 16, 2020) (*citing McDermott v. City of New York*, No. 94-CV-2145, 1995 WL 347041, at *5 (E.D.N.Y. May 30, 1995) There are questions of material fact regarding whether probable cause for the Felony criminal charges brought against Mr. McCune was lacking. Accordingly the Abuse of Process claim should proceed to trial.

In response to Defendants' continued efforts to claim that Defendants Vohs and Turansky have no exposure in this case, the record does not support their position[1]. Both of these Defendants should remain in this case. Defendant Vohs not only was part of the abuse of process in swearing out false informations and court complaints alleging that he was doing so on his personal knowledge when he admitted in his deposition that his sworn statements charging Plaintiff were falsely sworn to and were not based on his personal knowledge. He testified to the following:

Q: Did you at some point have involvement or contact with a person by the name of Steven McCune?
A: Yes.
Q: Was that contact direct contact or with his paperwork?
A: I would say 98 percent with his paperwork.
Q: Let's go to the two percent that you say was not the paperwork and then we'll come back to the paperwork if that's all right. Can you tell us please what contact you did have with him physically, that being with any regard to seeing him, addressing him, dealing with him?
A: I had no physical contact with him. I did respond to the hospital to possibly interview him but he was sedated. He was not able to talk. I don't believe he even knew I was ever there and at that time I took some photos of him and that is the only contact I had with him.
Q: At any time, did you ever speak to Steven McCune?
A: No.
Q: At any time, did you ever receive anything in writing from Mr. McCune himself?
A: No. (Deposition Transcript pp. 18-19)

---

[1] As recently as this week, Defendants wrote to Plaintiff's counsel stating the these two Defendants have no involvement in this case.

4

With this back drop, the following testimony was given:

> Q: Is this your signature that is on the right-hand side above the complainant line?
> A: Yes.
> Q: In this situation, what were the circumstances that led you to filling out this felony complaint and signing it?
> A: After being told of the incident, I interviewed Michael O'Grady and then subsequent to that, I interviewed the two officers that were injured. I took statements from all three and then filled out this document.
> Q: The reference under it says count one, I believe this charge is assault in the second degree that Mr. McCune was being charged with which is a felony assault; is that correct?
> A: Yes.
> Q: There's a box that's checked here that says this charge is based upon Complainant's personal knowledge and on information and belief, the sources being Christopher Zuccarello, John Kurklen, Michael O'Grady. What was the personal knowledge that you had that supported the to wit clause that is above that section?
> A: I'm having a problem answering that question.
> Q: What is the problem, sir?
> A: It's more based on the information and the belief of the sworn testimony of these three individuals.
> Q: I just want to be clear that there is a box underneath it that is not checked that says, this charge is based solely upon information and belief, the sources being and that's blank; is that correct?
> A: Yes.
> Q: With regard to any personal knowledge that you had, would it be accurate to say that you had no personal knowledge, you did not witness any aspects of the underlying crime; is that right?
> A: Yes.
> Q: Do you believe that the box that should have been checked was the one below the one that you did check?
> A: In some ways. I'm not sure if the -- I know it hasn't been the practice to do it that way.
> Q: When you say -
> A: No. No. No. I'm sorry. I understand what you're saying. Yeah, I believe it could have been based -- the charges based solely -- yeah, it could have been.
> Q: Just so your answer is clear, could have been based solely, can you finish your sentence please?
> A: On the information and belief.
> Q: This document, at least on this page, which is McCune 41, you signed and you swore to, correct?
> A: Yes. (Dep. Transcript pp. 28-30)

Going to another document Defendant Vohs is asked:

> Q: The page is also sworn to; is that correct?
> A: Yes.
> Q: This also checks the Complainant's personal knowledge and/or information and belief like the previous page, correct?
> A: Yes.
> Q: Going to the next page, this is assault in the second degree again, the second count of assault two. That also has the box Complainant's personal knowledge and information and belief checked; is that right?
> A: Yes.
> Q: That's sworn to on April 3rd and has your signature on it, correct?
> A: Yes.
> Q: It has a continuation to the next page which is, we're going from McCune 43 to McCune 44 and that also is checked in the charges based upon the Complainant's personal knowledge and on the information and belief. Would you agree that this is all based on information that you did receive from other persons or sources?
> A: Yes.
> Q: So the box there that is checked, just based on the information that's in the document and what you knew and did not know should have been based on information and belief, not on your personal knowledge, correct?
> A: Yes. (Dep. Transcript pp. 31-32)

Clearly, the abuse of process claim on the charge of Assault in the Second Degree places this Defendant squarely in this case and his actions also support those allegations in the Monell claim.

      As to Defendant Turansky, and contrary to the claim that he was not on the scene and that he had not contact, his testimony in his deposition and police records place him at the scene and being present during the arrest, cuffing and beating of Plaintiff. Plaintiff believes that he was one of the people that beat him, however at a minimum Defendant Turansky admits he was present and that "Well, I attempted to help them and I was told they had it, go process the car." (Dep. Transcript p. 24) So, it is clear that he was present and failed to intervene. Then Defendant Turansky says he did not see any injuries but was 4 to 5 feet from Plaintiff.(Dep Transcript p. 27). His denial of obvious injuries and his proximity to Mr. McCune supports that aside from the Plaintiff's testimony of his direct involvement, he failed to intervene in the physical abuse being visited on Plaintiff.

      For the above stated reasons, Plaintiff respectfully requests that the Defendants' Motion *In Limine* be denied.

Respectfully submitted,<br>
*Frederick K. Brewington*<br>
FREDERICK K. BREWINGTON

cc:    Arlene Zwilling, Esq. (*via ECF*)